STATE OF NORTH CAROLINA v. JAMES DAVID THOMPSON

No. 798SC416

(Filed 16 October 1979)

**Homicide § 21.2 — proximate cause of death — sufficiency of evidence**

   The State's evidence of causation was sufficient to be submitted to the jury on the issue of defendant's guilt of second degree murder and to sustain his conviction of voluntary manslaughter where it tended to show that defendant struck deceased in the left side of the face, knocking him to the ground, and that deceased died two days later from brain stem hemorrhage caused by a trauma to the left side of the head, the defendant's evidence of a possible preexisting condition which may have been a contributing factor to the death being insufficient to exculpate defendant.

APPEAL by defendant from *Cowper, Judge.* Judgment entered 14 December 1978 in Superior Court, WAYNE County. Heard in the Court of Appeals 19 September 1979.

Defendant was charged with the second degree murder of Emery DeLane Fountain. The jury returned a verdict of guilty of voluntary manslaughter. Defendant's motion for a directed verdict was denied.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General Alan S. Hirsch, for the State.*

*Kornegay and Rice, by John P. Edwards, Jr., for defendant appellant.*

VAUGHN, Judge.

The denial of defendant's motion for a directed verdict is his principal assignment of error on appeal. Whether termed in a criminal case as motion for directed verdict, motion of nonsuit, motion to dismiss or motion pursuant to G.S. 15A-1227, the test is as follows:

"the evidence must be considered in the light most favorable to the State and the State is entitled to every favorable inference reasonably to be drawn from it. The evidence offered by the State must be taken to be true and any contradictions and discrepancies therein must be resolved in its favor. For

the purpose of such motion, the evidence of the defendant is considered only to the extent that it is favorable to the State or for the purpose of explaining or making clear the State's evidence, insofar as it is not in conflict therewith. There must be substantial evidence of all material elements of the offense charged in order to withstand a motion for judgment of nonsuit. If . ,. . the evidence is sufficient only to raise a suspicion or conjecture as to whether the offense charged was committed, the motion for nonsuit should be allowed even though the suspicion so aroused by the evidence is strong."

*State v. Evans*, 279 N.C. 447, 452-53, 183 S.E. 2d 540, 544 (1971) (citations omitted). The crime of which defendant stands convicted is voluntary manslaughter—the unlawful killing of a human being without malice, express or implied, and without premeditation or deliberation. *State v. Rummage*, 280 N.C. 51, 185 S.E. 2d 221 (1971). That the defendant's actions proximately caused the death is an element of the crime. *State v. Sherrill*, 28 N.C. App. 311, 220 S.E. 2d 822 (1976). It is in this particular element that defendant maintains the State's evidence is not above "a suspicion or conjecture." Taking the evidence under the proper standard, we hold the case was properly submitted to the jury.

Taken in a light most favorable to the State, the evidence for the State tended to show defendant struck the deceased in the left side of the face knocking him to the ground. The blow and the impact with the ground rendered the deceased bloody and unconscious. He died from brain stem hemorrhage, without regaining consciousness, two days later. In the opinion of the examining pathologist, a trauma to the left side of the head resulted in damage to the brain that caused the brain stem hemorrhage. The deceased was not in a weakened condition prior to this trauma in the opinion of the pathologist. This was sufficient evidence to get to the jury on the issue of whether defendant proximately caused the death.

The conflicting evidence of defendant is not to be considered on the motion for directed verdict. His evidence tends to show that the deceased was not hit by defendant but fell. It further tends to show that he fell out of a car the night before the event in question and was taken to a hospital and that he had been seen with severe bruises and swelling about his face a week before the

event. At most, these were facts to be weighed by the jury on the issue of causation. Thus, the motion for directed verdict of not guilty of the charged offense and the lesser included offense was properly denied. *State v. Lawson*, 6 N.C. App. 1, 169 S.E. 2d 265 (1969).

Defendant's evidence of a possible preexisting condition which may have been a contributing factor to the death certainly does not exculpate him.

"The rule is well settled that the consequences of an assault which is the efficient cause of the death of another are not excused, nor is the criminal responsibility for causing death lessened, by the preexisting physical condition which made the person killed unable to withstand the shock of the assault and without which predisposed condition the blow would not have been fatal." *State v. Luther*, 285 N.C. 570, 575, 206 S.E. 2d 238, 241-42 (1974); *see also State v. Jones*, 290 N.C. 292, 225 S.E. 2d 549 (1976).

We have also examined defendant's assignment of error in the jury's return of the verdict. We find no error and overrule the assignment.

No error.

Judges ERWIN and HILL concur.