STATE OF NORTH CAROLINA v. MELVIN DWIGHT SMITH

No. 7923SC819

(Filed 4 March 1980)

1. **Rape § 4— discussion with complainant about sexual problems—inadmissibility to show consent**

    In a prosecution for rape, evidence of a discussion between the complainant and defendant concerning the complainant's sexual problems was not admissible under G.S. 8-58.6(b)(1) since such discussion did not constitute sexual behavior or activity between the complainant and defendant.

2. **Rape § 4— complainant's sexual activity with third persons—inadmissibility to show consent**

    In a prosecution of defendant for the rape of his sister-in-law in her parents' home, evidence of sexual activity between complainant and defendant's brother and between complainant and other third persons was not admissible under G.S. 8-58.6(b)(3) as showing a "pattern of sexual behavior so distinctive and so closely resembling the defendant's version . . . as to lead the defendant reasonably to believe the complainant consented" where complainant's activity with defendant's brother and with other third parties was in "dating-type circumstances" and there was no evidence that any such activity occurred in the home of the complainant's parents.

3. **Rape § 5— second degree rape—sufficiency of evidence of force**

    The State's evidence of force was sufficient to support defendant's conviction of second degree rape where it tended to show that defendant, the brother-in-law of the prosecutrix, grabbed the prosecutrix from behind while she was cooking at a stove; defendant forced the prosecutrix toward a bedroom, and when she put her arm on the door to keep from going into the bedroom, defendant knocked her hand down and shoved her into the bedroom; defendant shoved the prosecutrix down on the bed and held her down; the prosecutrix pinched, scratched and hit defendant but was unable to get away; and the prosecutrix sustained bruises on her arms and scratches as a result of defendant's actions.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 11 June 1979 in Superior Court, WILKES County. Heard in the Court of Appeals 30 January 1980.

Defendant was charged with the second degree rape of Rebecca Sue Roten. The jury returned a verdict of guilty. From judgment sentencing him to a prison term of fifteen years, the defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Charles J. Murray, for the State.*

*Hayes, Hayes and Evans, by Samuel C. Evans, for defendant appellant.*

MARTIN (Robert M.), Judge.

[1] Defendant's first argument involves the admissibility of evidence under N.C. Gen. Stat. § 8-58.6 which redefines the law of relevancy in rape cases. The statute provides in pertinent part that

(b) The sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

(1) Was between the complain[an]t and the defendant; or

.   .   .

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented. . .

The evidence which defendant sought to introduce under the above subsections in order to develop his defense of consent consists of the following:

(1) sexual activity between the complainant and defendant's brother and between complainant and other third persons.

(2) the complainant's being undressed or undressing with the door open in view of defendant while defendant and his wife were living at the home of complainant's parents.

(3) discussions between defendant and complainant concerning the sexual problems of complainant and defendant's brother.

As to the second category of evidence which defendant argued in his brief, any error in the trial judge's order excluding the evidence is harmless because the defendant later testified without

objection that he had seen the complainant nude at her parents' home. As to the third category of evidence, discussion between complainant and defendant of complainant's sexual problems, there is no error in the exclusion of such evidence under subsection (b)(1). Subsection (a) of the statute defines the term "sexual behavior" to mean "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." While the topic of conversation may have been sexual in nature, there is no evidence presented in this case to indicate that the speech rose to the level of sexual behavior or activity between the complainant and defendant.

[2]   Under the first category of evidence which defendant contends is admissible under subsection (b)(3) defendant offered to show that in December of 1976 "certain sexual behavior took place between the prosecuting witness and the defendant's brother, Bill Smith, in the defendant's presence . . ." and "in January of '77 the prosecuting witness and Bill Smith spent the night together in the same bed at the residence of Wilson Smith and defendant was aware and understood what took place." In February, 1977 "[w]ith defendant's knowledge, the prosecuting witness and defendant's brother, Bill Smith, stayed in a motel together" and also in February, 1977 "defendant observed Bill Smith and the prosecuting witness in bed together in a mobile home in North Wilkesboro, both nude at the time." However, defendant's narration of the evidence fails to meet the criteria of subsection (b)(3) in that it does not show a "pattern of sexual behavior so distinctive and so closely resembling the defendant's version . . . as to lead the defendant reasonably to believe that the complainant consented." Recognizing the requirement of a distinctive pattern of sexual behavior, the trial judge specifically asked defense counsel if he had any evidence of complainant's sexual activity at her parents' home with third parties. The trial judge stated that if it was a similar type of situation where somebody came into complainant's house he would consider the admission of such evidence. Defense counsel in his narration did not offer evidence of sexual intercourse between complainant and defendant's brother in her home. Although witnesses testifying to complainant's sexual behavior with other third parties may have erroneously been excluded from testifying in the in camera hearing, defense counsel conceded that complainant's activity with

other third parties was in "dating-type circumstances" much like those with defendant's brother and which the trial court had properly found not material. Furthermore, defendant did not show that the excluded evidence would lead the defendant to believe that complainant would consent to intercourse with him. Hence defendant did not carry his burden defined in subsection (c) to "establish the basis of admissibility of such evidence" under subsection (b)(3).

[3] Defendant also argues that the trial court erred in denying defendant's motions to dismiss and to set aside the verdict because of lack of evidence concerning force. Upon defendant's motion for dismissal, the test is as follows:

> the evidence must be considered in the light most favorable to the State and the State is entitled to every favorable inference reasonably drawn from it. The evidence offered by the State must be taken to be true and any contradictions and discrepancies therein must be resolved in its favor. For the purpose of such motion, the evidence of the defendant is considered only to the extent that it is favorable to the State or for the purpose of explaining or making clear the State's evidence, insofar as it is not in conflict therewith. There must be substantial evidence of all material elements of the offense charged in order to withstand a motion for judgment of nonsuit.

*State v. Evans*, 279 N.C. 447, 452-53, 183 S.E. 2d 540, 544 (1971) (citations omitted); *State v. Thompson*, 43 N.C. App. 380, 380-81, 258 S.E. 2d 800, 800-01 (1979). Under N.C. Gen. Stat. § 14-21, force is an essential element of the offense of rape.

Taken in the light most favorable to the State, the evidence for the State tended to show that complainant lived at home with her parents but they had left to go to church. Complainant was at home cooking dinner for her boyfriend when defendant, complainant's brother-in-law, drove up. Complainant unlocked the door and admitted defendant. Defendant made a phone call and complainant returned to the stove. Defendant asked where her parents were and when her boyfriend was expected. Complainant testified that defendant came up to the stove, told her to put down a pot lid she was holding and grabbed her from behind. Although complainant told defendant to leave her alone, he began trying to

State v. Smith

undo her pants. She testified that she tried to get away but could not, that defendant forced her into the bedroom and when she put her arm on the door to keep from getting into the bedroom, defendant shoved her into the bedroom, shoved her down on the bed and held her down. Complainant pinched, scratched and hit defendant. Complainant tried to get away but couldn't. As a result of this, complainant sustained bruises on her arms and scratches.

Evidence of force is also present in defendant's confession admitted after a *voir dire* hearing in which the judge concluded that the statement was freely, voluntarily and understandingly given.

> She was standing at the stove and I grabbed her from the side and pushed her into the bedroom door and she put her arm up against the door and I smacked it down. She then said, "No Melvin." I just pushed her on into the bedroom and I unbuckled her pants outside the door. Then I forced her down onto the bed and then I unzipped her pants and pulled her leg out of her pants. And she screamed, said, "I'm not going to do it no matter what you do." Her panties were pulled down at the same time. She pulled my hair and I jerked hers. She kicked me and screamed. I held her down. . .

Examination of the record reveals ample evidence of force to justify the denial of defendant's motions for dismissal and to set aside the verdict.

Defendant abandoned his first and second assignments of error in his brief and did not bring forward his sixth assignment of error and did not discuss his sixth assignment of error in his brief. It is therefore deemed abandoned. Rule 28, North Carolina Rules of Appellate Procedure.

In our opinion defendant received a fair trial free from prejudicial error.

No error.

Judges ERWIN and WELLS concur.