STATE OF NORTH CAROLINA v. CHARLES ANTHONY SHOFFNER

STATE OF NORTH CAROLINA v. MARK ANTHONY SUMMERS

No. 8218SC1050

(Filed 17 May 1983)

1. **Rape and Allied Offenses § 4.3— exclusion of testimony concerning victim's prior sexual advances—error**

    In a prosecution for second degree rape, the trial court erred in excluding testimony concerning the prosecuting witness's prior sexual conduct which tended to suggest that the prosecuting witness's *modus operandi* was to accost men at clubs, parties and make sexual advances by putting her hands "all over their bodies," and where the evidence tended to suggest that the prosecuting witness's sexual behavior on the night of the crime charged was no different from the prosecuting witness's pattern of sexual behavior. G.S. 8-58.6(b)(3).

2. **Rape and Allied Offenses § 4.1— cross examination of defendants about prior convictions and acts of misconduct—denial of opportunity to cross examine prosecuting witness concerning prior bad acts**

    On the basis of *State v. Fortney*, 301 N.C. 31 (1980), defendant was not denied equal protection and due process by the trial court's decision to allow cross examination of defendants about prior acts of misconduct while denying defendants the opportunity to cross examine the prosecuting witness concerning her prior bad acts.

3. **Criminal Law § 26.2- dismissal of charges on day of preliminary hearing—no former jeopardy**

    Where defendants were arrested on charges of rape and required to post bond, where on the day the preliminary hearing was scheduled in district court, the district attorney dismissed the charges, and where the defendants were later indicted on the same charges, arrested again, and required to post another bond, the former jeopardy defense was not available to defendants.

APPEAL by defendants from *Davis, Judge.* Judgments entered 4 June 1982 in Superior Court, GUILFORD County. Heard in the Court of Appeals 17 March 1983.

From judgments imposing twelve-year prison sentences following their convictions of second degree rape, defendants, Charles Anthony Shoffner and Mark Anthony Summers, appeal.

*Attorney General Edmisten, by Associate Attorney John R. Corne, for the State.*

*David M. Dansby, Jr., for defendant appellants.*

BECTON, Judge.

## I

The prosecuting witness visited defendants at their apartment on 20 November 1981 but later left with the defendants to visit a mutual friend. On the way to the friend's home, defendant Shoffner, who was driving, stopped the vehicle, and, according to the prosecuting witness, the defendants undressed her against her will and forced her into the back seat. The prosecuting witness testified that defendant Summers penetrated her with his penis but soon withdrew because she continued to kick and fight; that defendant Shoffner then got in the back seat and "grabbed my pubic hair and twisted it a couple of times to make me be still. And, so, he did put his penis inside me, but I was still fighting and they just decided to just give it up and take me back to the apartments."

Defendant Shoffner testified that he got on top of the prosecuting witness, but did not penetrate her because he could not get his "nature up." Defendant Summers admitted the sexual intercourse, but contended that it was with the prosecuting witness's consent. The defendants, and several other witnesses, testified that before leaving defendants' apartment, the prosecuting witness unzipped defendant Summers' pants, fondled his genitals, and asked defendants and others present if they wanted to have an orgy. The defendants also testified that the prosecuting witness fondled their genitals as they drove toward their friend's house, and that the prosecuting witness told defendant Shoffner where and when to stop the car.

## II

The issues presented are whether the trial court erred (i) in denying defendants' motion to permit evidence of the prosecuting

witness's prior sexual conduct; (ii) in permitting the district attorney to cross examine the defendants about prior convictions and prior acts of misconduct while denying defense attorneys the same privilege to cross examine the prosecuting witness; and (iii) in denying defendants' motion to dismiss on the grounds of former jeopardy. For the reasons that follow, defendants are entitled to a new trial.

### III

### The Prosecuting Witness's Prior Sexual Conduct

The Rape Victim Shield Statute, N.C. Gen. Stat. § 8-58.6(b)(3) (1981) provides, in relevant part, that:

(b) [t]he sexual behavior of the complainant is *irrelevant* to any issues in the prosecution *unlesss* such behavior:

. . . .

(3) *Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter* with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented. . . . [Emphasis added.]

Sexual behavior is defined as "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial." G.S. § 8-58.6(a).

The trial court allowed seven witnesses, including the defendants, to testify that on the date of the alleged offense the prosecuting witness came to the residence of defendants and while there made sexual advances by putting her hand inside defendant Summers' pants and suggested that the parties present have an orgy. The trial court, however, excluded the following evidence, presented at the *voir dire* hearing, pursuant to G.S. § 8-58.6(b)(3):

1. That Kay Mitchell had observed the prosecuting witness, many times at a club, "attracting some of the men," dancing with them, and getting out of control by "feeling on them and stuff like that. . . . [Her] hands [would be] every which way on the man's body."

2. That at a party approximately a year and a half before 20 November 1981, the prosecuting witness tried to seduce Darryl Summers, the older brother of defendant Summers, and told Darryl to come by her house later that night. When Darryl Summers came by the prosecuting witness's house later that night, she got in his car. She had no underclothes on; in fact, she was clad only in a gown. Darryl Summers and the prosecuting witness then had sexual intercourse in the car.

3. During November 1981, defendant Summers observed the prosecuting witness go to his bedroom with Herman Summers, another one of defendant's brothers.

4. That several months prior to November 1981, the prosecuting witness told a Mr. Faust that she had been caught at some hotel with a Mr. Lynn.

5. That Mr. Faust had had sexual intercourse with the prosecuting witness.

6. That a Mr. Pennix had observed the prosecuting witness seated on a "soda crate" in the Circle Inn with two men standing in front of her, one of whom was zipping his pants.

Because even the most promiscuous among us can be raped, the Rape Victim Shield Statute may properly be invoked to exclude the testimony that Mr. Faust had sexual intercourse with the prosecuting witness; that the prosecuting witness told Mr. Faust that she had been caught at a hotel with a Mr. Lynn; and that defendant Summers saw the prosecuting witness go to a bedroom with Herman Summers.

[1] The trial court erred in excluding the other testimony, however. The testimony of Mr. Pennix, although circumstantial, when combined with the testimony of Kay Mitchell and Darryl Summers, suggests that the prosecuting witness was the initiator, the aggressor, in her sexual encounters. The evidence excluded suggests that the prosecuting witness's *modus operandi* was to accost men at clubs, parties (public places) and make sexual advances by putting her hands "all over their bodies." Defendants contend that the prosecuting witness's sexual behavior on 20 November 1981 — fondling their genitals, trying to get them to

engage in an orgy, and telling them where and when to stop the car — was no different from the prosecuting witness's pattern of sexual behavior.

We do not believe the Rape Victim Shield Statute requires the prior sexual behavior of a complainant to parallel on all fours a defendant's version of the prosecuting witness's sexual behavior at the time in question. If G.S. § 8-58.6(b)(3) is to have any application, it has to be applied in this case. As our Supreme Court said in *State v. Fortney*, 301 N.C. 31, 43, 269 S.E. 2d 110, 116-117 (1980):

> Defendant presented no testimony at either of the *in camera* hearings held on this point that indicated that the victim's sexual *behavior* on past occasions conformed to the defendant's version of the facts in this event. If the defendant had shown that the victim commonly accosted strangers in parking lots seeking sexual partners or that she often met men in apartment parking lots and took them to her car for sexual congress, then clearly the relevance of such evidence is established under the statute and would have been admissible.

In this case, Shoffner and Summers tendered evidence indicating that the prosecuting witness's sexual behavior on past occasions conformed to their version of what happened on 20 November 1981. They are, therefore, entitled to a new trial. (We note parenthetically, that ordinarily, Shoffner would be entitled to no relief since he denied penetration. However, the jury may have viewed Shoffner's credibility differently had the trial court not erroneously excluded evidence suggesting that Shoffner may have had a reasonable belief that the prosecuting witness consented to his getting on top of and trying to have sexual intercourse with her. Because of that, Shoffner's failure to get his "nature up" is irrelevant to the issue of consent.)

IV

## Prior Convictions and Prior Acts of Misconduct

[2] Although conceding that a district attorney may cross examine defendants about prior convictions and prior acts of misconduct generally, defendants contend that on the facts of this case the prejudicial effect of the cross examination outweighed its

probative value and that the trial court's decision to permit defendants to be cross examined about their prior convictions and prior acts of misconduct while denying the defendants the opportunity to cross examine the prosecuting witness concerning her prior bad acts constitutes a denial of equal protection and due process. Even if defendants were to make a right of confrontation argument under the Sixth Amendment, we would reject their constitutional arguments on the basis of *State v. Fortney.* A full legal analysis is not necessary, however, because we have already ruled in Part III above that the trial court erred in excluding evidence of the complainant's sexual behavior.

V

Former Jeopardy

[3]   The defendants were arrested on the charges of rape and required to post bond. On the day the preliminary hearing was scheduled in district court, the district attorney dismissed the charges. The defendants were later indicted on the same charges, arrested again, and required to post another bond. Defendants' argument that jeopardy attached by reason of the above is summarily rejected. Although defendants are quite properly concerned that they had to post bond twice, a practice that should not be countenanced, we can afford them no relief on this appeal based on a claim of former jeopardy.

For the reasons stated above in Part III of this opinion, the defendants are entitled to a new trial.

New trial.

Judges VAUGHN and PHILLIPS concur.