STATE OF NORTH CAROLINA v. ROY RHINEHART

No. 8330SC1124

(Filed 5 June 1984)

1. **Rape and Allied Offenses § 4.3— evidence of prosecutrix's prior consensual intercourse with former boyfriend properly excluded**

    In a prosecution for second-degree rape and second-degree sexual offense, evidence of the complainant's prior consensual intercourse with her former boyfriend earlier in the evening of defendant's alleged offenses did not qualify for admission under the closely resembling pattern exception of G.S. 8-58.6(b)(3). It was evidence of a single episode, of which defendant had no knowledge, in a situation at least closely akin to "dating-type circumstances." As such, cross-examination regarding it properly was excluded under G.S. 8-58.6(c) as "irrelevant to any issue in the prosecution." G.S. 8-58.6(b).

2. **Rape and Allied Offenses § 6— second-degree rape—instructions on consent sufficient**

    In a prosecution for second-degree rape and second-degree sexual offense, the trial court's instructions on consent were clearly sufficient to convey the substance of defendant's request for a charge that consent is a defense to the crime of rape.

3. **Criminal Law §§ 46, 112— lack of instructions regarding cessation of flight proper**

    There was no error in the trial court refusing to instruct, after its instructions concerning evidence of flight as an admission or showing consciousness of guilt, that the jury could consider the cessation of flight and return in determining whether the combined circumstances amounted to an admission or show of consciousness of guilt.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 9 June 1983 in Superior Court, HAYWOOD County. Heard in the Court of Appeals 8 May 1984.

Defendant appeals from a judgment of imprisonment entered upon a jury verdict finding him guilty of second degree rape and second degree sexual offense.

*Attorney General Edmisten, by Associate Attorney Newton G. Pritchett, Jr., for the State.*

*Noland, Holt, Bonfoey & Davis, P.A., by J. Lynn Noland, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying him the opportunity to cross-examine the complainant regarding her prior sexual conduct with her former boyfriend on the night of the alleged rape and sexual offense. Evidence adduced at an *in camera* hearing pursuant to G.S. 8-58.6 established that earlier in the evening of the alleged offenses the victim had driven her former boyfriend, whom she had dated for four years, from a night spot to his home, and that she had engaged in sexual intercourse with him while there. The court ruled, following the hearing, that the complainant's consensual intercourse earlier that night was not relevant for any purpose other than to attack her credibility. It thus excluded the evidence pursuant to G.S. 8-58.6(c).

Defendant cites *State v. Fortney*, 301 N.C. 31, 269 S.E. 2d 110 (1980), and *State v. Younger*, 306 N.C. 692, 295 S.E. 2d 453 (1982), in support of his argument that the court erred in excluding this evidence. In *Fortney* prior sexual conduct of the complainant on the night of the alleged rape was not at issue. In *Younger*, while such conduct was at issue, the holding that evidence thereof should have been admitted was not based on its relevancy and probativeness, but on its capacity to impeach the complainant's credibility in light of a prior inconsistent statement. We find neither *Fortney* nor *Younger* controlling.

The main thrust of defendant's argument is that the evidence was admissible under the exception to the rape shield statute which allows evidence of the sexual behavior of the complainant if it

> [i]s evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented.

G.S. 8-58.6(b)(3). This Court found evidence of such a pattern, and held that it should have been admitted, in *State v. Shoffner*, 62 N.C. App. 245, 302 S.E. 2d 830 (1983). The evidence excluded there "suggest[ed] that the prosecuting witness was the initiator, the

State v. Rhinehart

aggressor, in her sexual encounters." *Id.* at 248, 302 S.E. 2d at 832-33. Her *"modus operandi* was to accost men at clubs, parties (public places) and make sexual advances by putting her hands 'all over their bodies.'" *Id.* at 248, 302 S.E. 2d at 833. Seven witnesses, including the defendants, testified "that on the date of the alleged offense the prosecuting witness came to the residence of defendants and while there made sexual advances [toward one defendant] by putting her hand inside [his] pants, and suggested that the parties present have an orgy." *Id.* at 247, 302 S.E. 2d at 832. The evidence of the prosecuting witness's sexual behavior on past occasions was held to conform sufficiently to the defendants' version of what happened on the occasion of their alleged offenses that it should have been admitted under the closely resembling pattern exception of G.S. 8-58.6(b)(3).

Here, by contrast, there was no such evidence of prior sexually aggressive conduct on the part of the complainant, and defendant offered no evidence of prior sexual advances which the complainant made to him. The evidence showed only that earlier in the evening defendant and the complainant had danced together two or three times at a public bar; that "she was laughing and cuttin' up with him, jokin'"; and that "[s]he . . . just talked to him a lot."

Defendant suggests that the facts that earlier in the evening the complainant had driven her former boyfriend home, and had engaged in consensual intercourse with him, indicate that her sexual encounter with defendant, when she drove him home or to some other location several hours later, also was consensual. Uncontroverted evidence established, however, that defendant was unaware of the prior sexual encounter between the complainant and her former boyfriend. He thus could not have inferred consent therefrom. Further, as a Florida court noted in interpreting a statute similar to G.S. 8-58.6(b)(3), "one episode of sexual intercourse . . . before the assault hardly establishes a 'pattern of conduct or behavior' on the part of the victim; and the evidence of having slept with her boyfriend on one occasion bears no relation to the issue of whether the victim consented." *Hodges v. State,* 386 So. 2d 888, 889 (Fla. Dist. Ct. App. 1980); *see also Winters v. State,* 425 So. 2d 203, 204 (Fla. Dist. Ct. App. 1983) (a "few isolated instances" of consensual sexual activities between the complainant and other persons held not to present a "pattern of

conduct or behavior" sufficient to meet test of statute); *McElveen v. State*, 415 So. 2d 746, 748 (Fla. Dist. Ct. App. 1982) ("three specific instances of sexual activity" held "not so repetitive or frequent as to establish a 'pattern of behavior' "). Finally, this Court has held that a complainant's activity with "other third parties" in "dating-type circumstances" properly was found not material, and that the defendant had failed "to 'establish the basis of admissibility of such evidence' under subsection (b)(3)." *State v. Smith*, 45 N.C. App. 501, 503-04, 263 S.E. 2d 371, 373 (1980).

We hold that evidence of the complainant's prior consensual intercourse with her former boyfriend earlier in the evening of defendant's alleged offenses did not qualify for admission under the closely resembling pattern exception of G.S. 8-58.6(b)(3). It was evidence of a single episode, *Hodges, supra*, of which defendant had no knowledge, in a situation at least closely akin to "dating-type circumstances," *Smith, supra*. As such, cross-examination regarding it properly was excluded under G.S. 8-58.6(c) as "irrelevant to any issue in the prosecution." G.S. 8-58.6(b).

Defendant contends the court erred in excising from the complainant's written statement to a deputy sheriff regarding the events of the evening in question the sentence, "Charles Sutton [the former boyfriend] and I had intercourse when I took him home." For the reasons set forth above, we hold that the court properly withheld this evidence from the jury also.

[2] Defendant contends the court erred in denying his request that it instruct the jury as follows:

I further charge you that consent is a defense to the crime of rape. If you should find that the complainant consented to the act or acts as charged or that the complainant behaved in such a manner as to lead the Defendant to reasonably believe that the complainant consented to the acts as charged then it would be your duty to find the Defendant not guilty of the charges herein.

"[T]he . . . court is not required to give a requested instruction in the exact language of the request. However, when the request is correct in law and supported by the evidence in the case, [it] must give the instruction in substance." *State v. Monk*, 291 N.C. 37, 54, 229 S.E. 2d 163, 174 (1976).

The court here instructed that before the jury could find defendant guilty, the State had to prove beyond a reasonable doubt, *inter alia*, "[t]hat [the complainant] did not consent [,] [i]t was against her will." It further instructed that "[c]onsent . . . induced by fear is not consent at law." We hold these instructions clearly sufficient to convey the substance of defendant's request for a charge that consent is a defense to the crime of rape.

The remainder of the requested instruction draws upon language of the closely resembling pattern exception of G.S. 8-58.6(b)(3). That provision establishes a standard for determining admissibility of evidence. It was not intended to, and does not, provide a legal definition of consent by the complainant with regard to sexual acts at issue in rape or sexual offense trials. The court thus properly declined to give this portion of the requested instruction.

[3] Defendant finally contends the court erred, following its instruction that "[e]vidence of flight may be considered . . . in determining whether the combined circumstances amount to an admission or show a consciousness of guilt," in refusing his request that it further instruct that: "Likewise, you may also consider the cessation of flight and return in determining whether the combined circumstances amount to an admission or show a consciousness of guilt."

A requested instruction is properly declined unless it is "correct in law and supported by the evidence in the case." *Monk, supra.* Defendant cites no authority, and we are aware of none, establishing the legal accuracy of his assertion that cessation of flight may be viewed as conduct influenced by an innocent conscience. Assuming such, *arguendo*, the evidence did not support the requested instruction. It showed that upon being informed that the complainant "[w]as going to get [him] for rape," defendant hitchhiked from Canton to Asheville, where he remained until the following day. He then "decided that [he]'d just come back home and . . . face up to it." Upon his return he was advised that a warrant awaited him and that he should call a certain number. Instead of doing so, he went to bed and remained there until the sheriff came to arrest him. His conduct thus was more indicative of mere inertia than of actual cessation of flight. We hold that the court was not required to give the requested instruction.

No error.

Judges WEBB and HILL concur.