STATE OF NORTH CAROLINA v. MANLEY JARVIS GUTHRIE, DEFENDANT

No. 9210SC214

(Filed 4 May 1993)

1. **Rape and Allied Offenses § 4.3 (NCI3d) — Rape Shield Statute — letter not excluded**

    Cross-examination of an alleged sexual offense and indecent liberties victim about a letter she wrote asking a school friend to have sex with her was not prohibited by the Rape Shield Statute, N.C.G.S. § 8C-1, Rule 412, because evidence of language does not constitute evidence of sexual behavior excluded by this statute.

    **Am Jur 2d, Rape §§ 40, 82, 83, 86.**

    **Modern status of admissibility, in forcible rape prosecution, of complainant's general reputation for unchastity. 95 ALR3d 1181.**

**2. Evidence and Witnesses § 3088 (NCI4th) — letter soliciting sex — admissibility for impeachment**

Where an alleged sexual offense and indecent liberties victim testified that defendant dictated letters she wrote to defendant implying that she would do things of a sexual nature for defendant if he would take her to school and lend her money, cross-examination of the victim about a letter she voluntarily wrote to a school friend asking the friend to have sex with her was relevant to impeach the credibility of the victim because this evidence supports an inference that the victim voluntarily wrote the letters to defendant and thus contradicts her earlier testimony.

**Am Jur 2d, Witnesses § 862.**

Appeal by defendant from judgment entered 15 November 1991 by Judge William H. Freeman in Wake County Superior Court. Heard in the Court of Appeals on 29 March 1993.

Defendant, the victim's step-grandfather, was convicted on two charges of second degree sexual offense and three charges of taking indecent liberties with a child. The State introduced several letters which the victim wrote to defendant. The letters contained promises from the victim inferring that she would do things of a sexual nature for defendant if he would take her to school or lend her money. The victim testified that defendant dictated the letters to her.

During cross-examination, defendant sought to question the victim about a letter (the letter) which she voluntarily wrote to a school friend in which she asked her friend to have sex with her. On voir dire, the victim admitted voluntarily writing the letter to her friend. The prosecutor objected to the testimony on the ground that it was prohibited by the Rape Shield Statute. The trial judge sustained the objection.

The jury returned a verdict of guilty on all charges, and defendant was sentenced. From this judgment defendant appeals.

*Attorney General Lacy H. Thornburg, by Senior Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*John T. Hall for defendant appellant.*

STATE v. GUTHRIE

[110 N.C. App. 91 (1993)]

ARNOLD, Chief Judge.

[1] Defendant's first argument is that the court erred by not allowing him to cross-examine the victim about the letter. Effective cross-examination is a fundamental right and "is denied when a defendant is prevented from cross-examining a witness at all on a subject matter relevant to the witness's credibility." *State v. Durham*, 74 N.C. App. 159, 163, 327 S.E.2d 920, 923 (1985). The denial of that right "is constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it." *Id*. But, the defendant's right to cross-examination is not absolute. The testimony which defendant sought to elicit must be relevant to some defense or relevant to impeach the witness. *Durham*, 74 N.C. App. at 167, 327 S.E.2d at 926.

N.C.R. Evid. 412 is "a codification of the 'rule of relevance' as it pertains to issues in a rape case." *State v. Younger*, 306 N.C. 692, 697, 295 S.E.2d 453, 456 (1982). Rule 412 provides that evidence of sexual behavior of the complainant is irrelevant unless it falls within one of four categories listed in the rule. N.C.R. Evid. 412(b)(1)-(4). Our Supreme Court, however, has held that Rule 412 is not the sole gauge in determining if evidence is admissible in rape cases. *Younger*, 306 N.C. at 698, 295 S.E.2d at 456. The victim's statements about prior specific sexual activity is sometimes admissible to impeach the victim even though the statements do not fall within Rule 412(b)(1)-(4). *Id*. at 698, 295 S.E.2d at 456-57.

The State objected to the testimony about the letter on the basis of Rule 412. The trial judge sustained the objection, apparently believing that Rule 412 rendered the testimony irrelevant and inadmissible. However, testimony about the letter is not the type of evidence which Rule 412 seeks to exclude. Rule 412 is concerned with sexual activity of the complainant. N.C.R. Evid. 412(a). We do not have evidence of sexual activity here. Instead, we have evidence of language.

We previously held that language or conversation is not sexual activity. *See Durham*, 74 N.C. App. at 167, 327 S.E.2d at 926 (child's accusation of her father to the extent it was evidence of conversation was not excluded by Rape Shield Statute), *State v. Baron*, 58 N.C. App. 150, 153-54, 292 S.E.2d 741, 743-44 (1982) (prior false accusations of improper sexual advances not prohibited by Rule 412). In *State v. Smith*, 45 N.C. App. 501, 263 S.E.2d 371, *disc. review denied*, 301 N.C. 104 (1980), we held that conversation be-

tween complainant and defendant concerning complainant's sexual problems with another man did not rise to the level of sexual behavior. *Smith*, 45 N.C. App. at 503, 263 S.E.2d at 372 ("While the topic of conversation may have been sexual in nature, there is no evidence presented in this case to indicate that the speech rose to the level of sexual behavior or activity . . . ." *Id.*).

Likewise, in this case, defendant's evidence is evidence of conversation, not of a sexual act. Therefore, testimony concerning the letter is not deemed irrelevant by Rule 412 and was improperly excluded on that basis.

[2] The remaining question is was testimony about the letter relevant to impeach the credibility of the victim. As in most sex offense cases, the victim's testimony is crucial to the State's case and her credibility can easily determine the outcome of the trial. Showing that the victim voluntarily wrote at least one letter to another person which is similar to the ones written to defendant bears directly on the victim's credibility. It infers that the victim wrote the letters to defendant voluntarily, contradicting her earlier testimony. Defendant had a right to develop this contradictory testimony on cross-examination, and denial of that right was reversible error.

Because we find reversible error in the limitation of defendant's cross-examination and because the evidentiary issues raised in defendant's remaining arguments may not arise at the second trial, we do not address defendant's remaining arguments.

New trial.

Judges COZORT and LEWIS concur.