**STATE of Missouri, Respondent,**

v.

**Curtis HALE, Appellant.**

**Nos. WD 48291, WD 50611.**

Missouri Court of Appeals, Western District.

March 12, 1996.

Judith C. LaRose, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and BERREY and LAURA DENVIR STITH, JJ.

SPINDEN, *Presiding Judge.*

A jury convicted Curtis Hale of forcible rape and forcible sodomy. He appeals on the ground that the circuit court's not allowing him to offer evidence of the victim's bragging on the night of the rape about her prior sexual exploits was reversible error. He argues that the conversations were not precluded by the "rape shield" statute, § 491.015, RSMo 1994. We disagree.

During Hale's cross examination of her, the victim acknowledged during a conversation with Hale and other friends at her apartment on the night of the rape the conversation turned to sex. Hale asked the victim, "Do you remember talking about the different sorts of affairs that you had had with different men?" The state objected, and the circuit court precluded any questioning regarding the victim's conversations about her prior sexual encounters as being barred by the "rape shield" statute.

The next day of trial, Hale filed a written motion to admit the content of the victim's alleged conversations regarding her past sexual conduct as evidence of the immediate surrounding circumstances of the alleged crime pursuant to § 491.015.1(3). Hale attached a written offer of proof to his motion, and the circuit court offered to let him make a testimonial offer of proof later, but he never did. According to Hale's written offer of proof, the victim had these conversations:

[The victim] told [Hale] that she would need to get some more condoms from the Student Health Center because she had used up a whole box with a boy named Scott. [The victim] explained to [Hale] ... that she had been talking to a boy named Scott for about a week.... One night Scott asked for directions to [her] apartment.... [The victim] told [Hale] that at this point she met Scott for the first time and had sex with him between 9 to 14 times. Scott then left early the next morning.

[The victim] went on at great length in front of both ... Hale and [his girlfriend] about the merits of her one night boyfriend. [The victim] was enthusiastic about the size of his penis, that he was the perfect man, that she was in love, that she was trying to plan a way of putting the name "Scott" in the baby's name, that he had "done it nine times in six hours," that they had had sex in every position, and that he was "wonderful" in bed.

The group than started listening to music. At this point the conversation turned to Michael ..., another previous boyfriend of [the victim's.] [The victim] told them that she missed Michael, that she wished that he was there that night, that Michael was black and that this had caused her great problems with her family, that she had *no intention of ever dating a black man again*, and implied that she would like to have sex with Michael that evening.

Hale asserted that he was not offering the evidence to prove the truthfulness of the statements but to show the general tenor of the evening and to show why Hale believed that the victim wanted to have sex with him.

The circuit court denied Hale's motion, but it did allow Hale to adduce testimony about the general tenor of the evening and that a "sexual conversation" was brought about by the victim and that Hale felt that the victim was "coming on" to him. The circuit court, however, would not allow Hale to elicit testimony about the victim's prior sexual conduct.

Section 491.015, the rape shield statute, provides:

1. In prosecutions under chapter 566, RSMo, or prosecutions related to sexual conduct under chapter 568, RSMo, opinion and reputation evidence of the complaining witness' prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness' prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:

(1) Evidence of the sexual conduct of the complaining witness with the defen-

dant to prove consent where consent is a defense to the alleged crime and the evidence is reasonably contemporaneous with the date of the alleged crime; or

(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;

(3) Evidence of immediate surrounding circumstances of the alleged crime; or

(4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.

2. Evidence of the sexual conduct of the complaining witness offered under this section is admissible to the extent that the court finds the evidence relevant to a material fact or issue.

Evidence of specific instances of a rape victim's prior sexual conduct is admissible only if it falls within the specific exceptions set out in this statute, and then only to the extent that the circuit court finds it relevant to a material fact or issue. *State v. Foulk,* 725 S.W.2d 56, 61 (Mo.App.1987).

In *State v. Madsen,* 772 S.W.2d 656 (Mo. banc 1989), *cert. denied,* 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 840 (1990), the Supreme Court of Missouri considered a nearly identical situation. In that case, the defendant wanted to testify about the details of lengthy conversations with the victim, before and after their sexual encounter, in support of his theory that the victim consented. The circuit court did not prohibit the defendant from testifying about the conversations, but it restricted the defendant's testimony when he tried to testify as to what she said about her sexual history. The Supreme Court affirmed the circuit court's action. *Id.* at 663.

■ In this case, the circuit court allowed Hale to go into the general nature of the conversation—that the victim initiated a conversation about sex which lasted approximately two hours, that the victim's conversation had been "raunchy" and embarrassing, that the victim encouraged her friend to relate specific instances of past sexual behav-

ior, that the victim gave Hale condoms without his asking for them. Further, Hale was allowed to testify that he thought the victim was making "a pass" at him and that the victim was drunk and flirtatious. The only thing the circuit court did not allow Hale to testify about was specific aspects of the conversations relating to specific instances of the victim's past sexual conduct.

In response to Hale's motion, the circuit court said:

I don't care what questions the—the victim is asked about sexual conversations that she had at the party, but questions of the victim or other things that people are going to say about what the victim had to say about her prior sexual activity are not going to be allowed. They are covered under the Rape Shield Statute.

If you want to talk about her listening to a conversation that [a friend] had sex with an Indian, that's fine. You have talked about the exchange of condoms. That's okay. Those sorts of things are going to be allowed in evidence. But, for instance, permitting any evidence in this case offered by the defendant concerning how many times [the victim] had sex with a guy named Scott, or somebody that she was in love with and how great he was in bed, et cetera, and there was another guy that was a black man that had sex with her is not going to be allowed, not covered under the Rape Shield Statute.

... You can ask her about conversations as long as they don't have to do with prior sexual activity of the victim.

You can put in evidence any come-ons that you can prove that the victim did with the defendant in this case. If you can prove that she said this or that or the other thing to entice Mr. Hale in this case to have sex with her, those things are admissible in evidence. But evidence of a prior sexual conduct is not going to be allowed.

In accord with *Madsen,* we conclude that the circuit court did not err in limiting the evidence in such a manner.[1]

---

1. The only case Hale cites in support of his contention that a conversation does not equal

"sexual conduct" is *State v. Guthrie,* 110 N.C.App. 91, 428 S.E.2d 853 (1993). We do not,

We affirm the judgment of the circuit court.

All concur.

however, find this case instructive regarding this court's interpretation of Missouri's rape shield statute.