STATE OF NORTH CAROLINA
v.
ANTRON JAVON BRODIE, Defendant.
No. COA04-308
North Carolina Court of Appeals.
Filed June 21, 2005.
This case not for publication
Wayne County No. 02 CRS 57143, 02 CRS 57144, 02 CRS 57145.
Attorney General Roy Cooper, by Assistant Attorney General Clinton C. Hicks, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for defendant-appellant.
GEER, Judge.
Defendant Antron Javon Brodie appeals from the judgments and sentences imposed for first degree burglary, second degree kidnapping, first degree rape, and first degree sex offense. We conclude that no error occurred with respect to the burglary, rape, and sex offense convictions. Because we hold that the trial court's jury instruction as to the kidnapping charge was not supported by the evidence, we order a new trial on that charge.

Facts
The State's evidence tended to show the following facts. At about 2:30 a.m. on 30 July 2002, defendant knocked on the door of Benita Hamilton's apartment. Ms. Hamilton lived in the apartment with her two children, ages three and one. Although Ms. Hamilton had seen defendant before, she did not really know him. Defendant wanted to enter the apartment, but Ms. Hamilton barred the doorway with her arm and asked him to leave several times. Ultimately, defendant ducked under her arm, walked in, and headed for the kitchen. Ms. Hamilton eventually followed and asked defendant several times to leave, but he refused. When she pulled a kitchen knife out of a drawer, defendant removed a gun from his pocket and ordered Ms. Hamilton to put the knife down or he would shoot her.
After she complied, defendant grabbed her around the neck with one arm and around the waist with the other arm and pulled her upstairs to her bedroom. He threw her down on the mattress and tried to pry her legs apart although she struggled to keep them closed. He was ultimately able to overpower her, spread her legs, and insert a finger into her vagina. After Ms. Hamilton pleaded to check on her children, defendant accompanied her downstairs where the children were, but then forced her to return back upstairs. At that point, he forced her to engage in sexual intercourse.
During this act, Ms. Hamilton's older son wandered into the room looking for his mother. Defendant asked if there was another place upstairs where they could go. When Ms. Hamilton said there was nothing in the other room, he directed her to place the child in the corner of the mattress and continued to have forced intercourse with her.
When defendant left Ms. Hamilton's apartment at approximately 5:00 a.m., he threatened that he would "finish" her if she told anyone what had happened and instructed her to meet him at a park the following evening. Instead, Ms. Hamilton contacted her social worker. When police officers went to apprehend defendant, he tried to hide.
After defendant was arrested, he gave the police a written statement in which he admitted to being at Ms. Hamilton's home, to having had sex with her, and to bringing a gun with him. Defendant claimed the sex was consensual and at trial offered evidence through other witnesses that Ms. Hamilton had spoken with defendant multiple times and had told a neighbor that defendant did not rape her, but rather she had "messed with him" and did not want her boyfriend to find out about it.
Defendant was indicted with (1) first degree burglary, (2) first degree kidnapping, (3) first degree rape, and (4) first degree sex offense. Defendant was convicted of all four charges on 26 June 2003. The trial court consolidated the charges of first degree rape and first degree sexual offense into one judgment and entered a sentence of 260 to 321 months. Pursuant to State v. Belton, 318 N.C. 141, 165, 347 S.E.2d 755, 769 (1986), the trial court arrested judgment on the charge of first degree kidnapping, entered judgment on second degree kidnapping and first degree burglary, and imposed a consecutive sentence of 77 to 102 months on those charges.

I
During the testimony of an investigating officer, the State introduced into evidence the handwritten statement provided by defendant following his arrest. In that statement, defendant mentioned that Ms. Hamilton's child had entered the bedroom while the two were engaging in sexual intercourse. Defendant wrote in his statement: "I said that I'm not going to do that while he in here[;] she said so, like he haven't seen it before." The State's exhibit, however, redacted that sentence. Defendant contends that the trial court erred in admitting, over his objection, the redacted version of his statement.
The trial court allowed the redaction based on Rule 412 of the Rules of Evidence. Rule 412 is "a codification of the `rule of relevance' as it pertains to issues in a rape case." State v. Younger, 306 N.C. 692, 697, 295 S.E.2d 453, 456 (1982). It provides that evidence of sexual behavior of the complainant is irrelevant unless it falls within one of the four categories listed in the rule. Specifically, Rule 412 states in the portion pertinent to this appeal:
(a) As used in this rule, the term "sexual behavior" means sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial.
(b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
(1) Was between the complainant and the defendant; or
. . . .
(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented . . . .
N.C. Gen. Stat. § 8C-1, Rule 412 (2003).
Defendant first argues that Rule 412 is inapplicable because the victim's statement does not involve "sexual behavior," as defined in Rule 412(a). In support of this contention, defendant cites State v. Guthrie, 110 N.C. App. 91, 428 S.E.2d 853, disc. review denied, 333 N.C. 793, 431 S.E.2d 28 (1993). In Guthrie, the State offered into evidence several letters in which the victim promised to do acts of a sexual nature for defendant if he would take her to school or lend her money; the victim testified the letters were in fact dictated by defendant. In response, the defense attempted to introduce another letter that the victim had voluntarily written to a school friend asking him to have sex with her. This Court ruled that Rule 412 did not require exclusion of the letter offered by the defense because the letter did not constitute "evidence of sexual activity . . . . Instead, we have evidence of language." Id. at 93, 428 S.E.2d at 854.
In Guthrie, the victim's statement proposed future sex with a third party; it necessarily did not reflect past sexual conduct. In this case, by contrast, the statement suggested that Ms. Hamilton had previously engaged in sex in front of her child. It, therefore, referred to "sexual activity of the complainant other than the sexual act which is at issue in the indictment on trial," Rule 412(a), and fell within the scope of the protection of the rule. While defendant contends on appeal that the statement is subject to multiple constructions, only one of which involved prior sexual activity by the victim, he did not make this argument at trial.[1]
To the extent defendant contends that Guthrie removes statements of the victim regarding her prior sexual activity from the scope of Rule 412, that construction of Guthrie would conflict with other decisions of this Court. See, e.g., State v. Rhinehart, 68 N.C. App. 615, 618, 316 S.E.2d 118, 121 (1984) (trial court did not err in redacting from complainant's written statement a sentence indicating that she had had intercourse with her boyfriend earlier in the evening of the alleged offense by defendant); State v. Shoffner, 62 N.C. App. 245, 248, 302 S.E.2d 830, 832 (1983) (trial court did not err in excluding testimony that the victim told a witness "that she had been caught at some hotel" with another man).
Defendant argues in the alternative that even if the redacted statement is considered evidence of past sexual activity of the victim, the statement nonetheless should have been admitted under Rule 412(b)(3) as evidence of "a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented . . . ." Since defendant did not argue Rule 412(b)(3) at trial, but instead referred the court only to Rule 412(b)(1), he cannot on appeal offer it as a basis for reversing the trial court. Our Supreme Court "has long held that where a theory argued on appeal was not raised before the trial court, `the law does not permit parties to swap horses between courts in order to get a better mount'" in the appellate court. State v. Sharpe, 344 N.C. 190, 194, 473 S.E.2d 3, 5 (1996) (quoting Weil v. Herring, 207 N.C. 6, 10, 175 S.E. 836, 838 (1934)).

II
Defendant's remaining arguments challenge the trial court's jury instructions regarding burglary and kidnapping. Because defendant did not make any objection to these instructions at trial, he argues those instructions constitute plain error under Rule 10(c)(4) of the Rules of Appellate Procedure. "Plain error includes error that is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done; or grave error that amounts to a denial of a fundamental right of the accused; or error that has resulted in a miscarriage of justice or in the denial to appellant of a fair trial." State v. Gregory, 342 N.C. 580, 586, 467 S.E.2d 28, 32 (1996). Not every failure to give a proper instruction constitutes plain error. Instead, in deciding whether a defect in the jury instructions constitutes plain error, "the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983).

A. First Degree Burglary
Defendant first assigns error to the trial court's instruction that in order to find defendant guilty of first degree burglary, the jury must find that "at the time of the breaking and entering the Defendant intended to commit kidnapping or rape." Defendant contends that the trial court should not have referred to both kidnapping and rape because the State offered no evidence to suggest that defendant had the intent to kidnap Ms. Hamilton at the time he ducked under her outstretched arm and walked into her home. We disagree.
Intent is a mental attitude that can seldom be proved by direct evidence, but rather must ordinarily be inferred from a defendant's acts and conduct. State v. Wright, 127 N.C. App. 592, 597, 492 S.E.2d 365, 368 (1997), disc. review denied, 347 N.C. 584, 502 S.E.2d 616 (1998). Further, "[t]he intent with which the accused broke and entered may be found by the jury from evidence as to what he did within the house." State v. Mangum, 158 N.C. App. 187, 194, 580 S.E.2d 750, 755, disc. review denied, 357 N.C. 510, 588 S.E.2d 378 (2003).
According to the State's evidence, defendant went to Ms. Hamilton's house carrying a gun and with the intention of having sex with her. The gun would permit a jury reasonably to infer that defendant intended to force Ms. Hamilton to engage in sex. Further, defendant's actions once inside the house  insistence that the sexual acts occur upstairs  permit the inference that defendant intended to remove Ms. Hamilton from the first floor to the second floor in order to rape her. See id. at 195, 580 S.E.2d at 756 (evidence that the defendant pushed the victim down the hallway into her bedroom prior to attempting to rape her was sufficient evidence to support a conviction for kidnapping). From this evidence, a reasonable jury could conclude that defendant broke into the residence with the intent to forcefully remove Ms. Hamilton upstairs and thus kidnap her. The trial court's instruction regarding burglary was, therefore, proper.

B. First Degree Kidnapping
Defendant next assigns plain error to the trial court's instruction that, in order to find defendant guilty of first degree or second degree kidnapping, the jury must find "that the Defendant confined or restrained or removed that person for the purpose of facilitating his commission of burglary as I have previously defined burglary for you." Defendant contends that the evidence did not support the giving of this instruction. We agree.
Under N.C. Gen. Stat. § 14-39(a) (2003), a defendant is guilty of kidnapping if he "shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person" for one of eight itemized purposes, including "(2) [f]acilitating the commission of any felony . . . ." For the defendant to be convicted of first degree kidnapping, the State must also prove one of three additional elements: that the person kidnapped was (1) not released in a safe place, (2) was seriously injured, or (3) sexually assaulted. N.C. Gen. Stat. § 14-39(b). In the absence of one of the elements set forth in N.C. Gen. Stat. § 14-39(b), the defendant is guilty of second degree kidnapping. Id. See State v. Brooks, 138 N.C. App. 185, 192, 530 S.E.2d 849, 854 (2000) ("Our Supreme Court has long held that in order to properly indict a defendant for first degree kidnapping, the State must allege both the essential elements of kidnapping as provided in N.C. Gen. Stat. § 14-39(a) and at least one of the elements of first degree kidnapping listed in N.C. Gen. Stat. § 14-39(b).").
In this case, the trial court instructed the jury that defendant could be found guilty of kidnapping if it found that defendant confined, restrained, or removed Ms. Hamilton "for the purpose of facilitating his commission of burglary." The court did not instruct the jury as to any other possible purpose. The question presented on appeal is whether evidence existed to support a finding that the kidnapping was for the purpose of committing a burglary.
"The elements of first-degree burglary are: (1) breaking, (2) and entering, (3) at night, (4) into the dwelling, (5) of another, (6) that is occupied, (7) with the intent to commit a felony therein." State v. Lucas, 353 N.C. 568, 581, 548 S.E.2d 712, 721-22 (2001). In this case, the burglary was complete when defendant ducked under Ms. Hamilton's arm and entered her home without her consent. The kidnapping did not occur until defendant grabbed Ms. Hamilton in the kitchen and removed her upstairs. In short, the kidnapping took place after the burglary. Logically, as this Court has previously recognized, the felony that is supposedly the purpose for the kidnapping must occur after the kidnapping. Brooks, 138 N.C. App. at 192, 530 S.E.2d at 854 ("[I]n order for the State to prove kidnapping [for the purpose of facilitating the commission of a felony], the evidence at trial must have shown that defendant kidnapped [the victim] before he shot her.").
The State does not contend otherwise. Instead, the State focuses on the kidnapping indictment, which stated in pertinent part that "Antron Javon Brodie unlawfully, willfully, and feloniously did kidnap Benita Hamilton . . . for the purpose of facilitating the commission of a felony, to wit: burglary. Benita Hamilton was sexually assaulted." The State argues correctly that the indictment was not required to specify the actual felony intended to be committed and that the indictment's reference to burglary is harmless surplusage. See State v. Freeman, 314 N.C. 432, 435-36, 333 S.E.2d 743, 745-46 (1985) (holding that language in a kidnapping indictment following the words "committing a felony" is "mere harmless surplusage and may properly be disregarded in passing upon its validity"). See also State v. Escoto, 162 N.C. App. 419, 433, 590 S.E.2d 898, 908 ("Our Supreme Court has held that burglary and kidnapping indictments need not allege the specific felony a defendant intended to commit at the time of the criminal act."), disc. review denied, 358 N.C. 378, 598 S.E.2d 138 (2004). The indictment is not, however, at issue.
Although the language in the indictment regarding burglary may have been surplusage  which would allow the State to prove and argue another felony as the reason for the kidnapping  the trial court only instructed the jury as to a single felony: burglary.[2] We cannot uphold the jury verdict based on a theory  even if supported by the evidence  upon which the jury was not instructed. The trial instruction as to kidnapping constitutes plain error. See State v. Tucker, 317 N.C. 532, 540, 346 S.E.2d 417, 422 (1986) ("[I]t would be difficult to say that permitting a jury to convict a defendant on a theory not legally available to the state because it is . . . not supported by the evidence is not plain error even under the stringent test required to invoke that doctrine."); State v. Moore, 315 N.C. 738, 749, 340 S.E.2d 401, 408 (1986) ("It is generally prejudicial error for the trial judge to permit a jury to convict upon a theory not supported by the evidence."). Defendant must, therefore, receive a new trial on the kidnapping charge.

Conclusion
We hold that there was no error in defendant's convictions for first degree rape, first degree sexual offense, and first degree burglary. With respect, however, to the conviction of second degree kidnapping, we reverse and order a new trial.
No error in part and new trial in part.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).
NOTES
[1] Defendant's trial counsel appeared to agree that the statement referenced prior sexual activity by the victim, but argued that the activity could have been with defendant and, therefore, would be admissible under Rule 412(b)(1). Defendant, however, never offered any evidence of prior sexual contact between himself and the victim.
[2] While the State points to language in the instructions referencing sexual assault, the trial court was clear in its instructions that the existence of a sexual assault was relevant only with respect to the question whether defendant was guilty of first or second degree kidnapping.