RONALD D. BECTON v. ALICE M. GEORGE

No. 873DC1083

(Filed 21 June 1988)

**Parent and Child § 7— action for child support—properly dismissed**

The trial court properly dismissed an action under N.C.G.S. § 50-13.4 for child support where plaintiff alleged that he is the father of the child but did not allege that he has custody. N.C.G.S. § 49-14, N.C.G.S. § 1A-1, Rule 12(b)(6).

PLAINTIFF appeals from *Ragan, James E., III, Judge*. Order entered 19 June 1987 in CRAVEN County District Court. Heard in the Court of Appeals 2 May 1988.

Plaintiff filed his complaint on 15 May 1987 alleging a cause of action under N.C. Gen. Stat. § 49-14 (1985) claiming *inter alia* that on 18 May 1969 defendant had given birth to Shelly Denise George; that plaintiff was the child's biological father; and that said child was entitled to support from defendant under N.C. Gen. Stat. § 50-13.4. Defendant was served with the summons and complaint on 18 May 1987.

On defendant's motion, the district court dismissed plaintiff's action pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure. From the trial court's order of dismissal, plaintiff appeals.

*John H. Harmon for plaintiff-appellant.*

*Beamon, Kellum & Hollows, P.A., by Norman B. Kellum, Jr. and Robert P. Holmes, IV, for defendant-appellee.*

WELLS, Judge.

In its order granting defendant's N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) motion to dismiss, the trial court found and concluded that an action to establish paternity pursuant to N.C. Gen. Stat. § 49-14 may not be maintained after a child's eighteenth birthday. In his sole argument, plaintiff contends this was error. For the reasons stated below, we do not reach this question, but affirm the trial court's order on other grounds.

This Court has held that the legislative purpose underlying G.S. § 49-14 paternity actions is to provide the basis or means of establishing the identity of the putative father in order to allow the courts to impose an obligation of support. *See Smith v. Price,* 74 N.C. App. 413, 328 S.E. 2d 811 (1985); *Cogdell v. Johnson,* 46 N.C. App. 182, 264 S.E. 2d 816 (1980).

Under the provisions of N.C. Gen. Stat. § 50-13.4, only a parent who has custody of a minor child may bring an action for its support. Although plaintiff has alleged that he is the father of Shelly Denise, he has not alleged that he has custody.

Where a complaint pleads facts that will necessarily defeat the claim or request relief not authorized by law, the claim must be dismissed. *See Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

As plaintiff has failed to state a claim on which he is entitled to any relief, the order of the trial court must be and is

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.