MARIE G. SMITH AND MIRANDA BLAINE SMITH v. MICHAEL R. BUMGARNER AND ROBIN BRUCE SMITH

No. 9325DC552

(Filed 7 June 1994)

1. **Illegitimate Children § 4 (NCI4th)— paternity action—no guardian ad litem for minor child—dismissal error— appointment of new guardian required**

Dismissal of a paternity action due to the non-appointment of a guardian ad litem for the minor child is clearly error, since the proper practice where there is a fatal defect of the parties is for the court to refuse to deal with the merits of the case until the absent parties are brought into the action. In this case, the trial court should have, *ex mero motu*, appointed a new guardian ad litem for the minor child.

**Am Jur 2d, Bastards §§ 77, 84-86, 89.**

**Necessity or propriety of appointment of independent guardian for child who is subject of paternity proceedings. 70 ALR4th 1033.**

2. **Illegitimate Children § 4 (NCI4th)— paternity action— child not a necessary party—action dismissed—error**

The minor child is not a necessary party in a paternity action pursuant to N.C.G.S. § 49-14 or an action for custody and support; moreover, N.C.G.S. § 49-16 allows either the mother, the father, or the child to bring the action. Therefore, the trial court erred in dismissing this action brought pursuant to N.C.G.S. § 49-14 because the child was not a party to the action.

**Am Jur 2d, Bastards §§ 77, 84-86, 89.**

**Necessity or propriety of appointment of independent guardian for child who is subject of paternity proceedings. 70 ALR4th 1033.**

Appeal by plaintiff from order entered 18 March 1993 by Judge Nancy Einstein in Catawba County District Court. Heard in the Court of Appeals 3 March 1994.

Plaintiff Marie G. Smith commenced this action alleging that defendant Michael R. Bumgarner is the biological father of her minor

child Miranda Blaine Smith ("Miranda"), who was born 14 March 1981. Plaintiff sought an order granting her permanent custody of Miranda and requiring defendant Bumgarner to pay child support.

At the time of Miranda's birth, Marie G. Smith was married to Robin Bruce Smith, who was listed on Miranda's birth certificate as her father. Upon motion of defendant Bumgarner, Robin Bruce Smith was joined as a necessary party defendant; by consent of the parties, Miranda was joined as a necessary party plaintiff. A guardian ad litem was appointed for Miranda; however the guardian ad litem was subsequently permitted to withdraw and no other guardian ad litem was ever appointed.

When the matter was called for trial, defendant Bumgarner moved to dismiss the entire action on the grounds that Miranda had not been properly made a party to the action since she was not represented by a guardian ad litem. The trial court allowed the motion and dismissed the action. Plaintiff Marie G. Smith appealed.

*Sherwood Carter for plaintiff-appellant.*

*Sigmon, Sigmon and Isenhower, by W. Gene Sigmon, for defendant-appellee Bumgarner.*

MARTIN, Judge.

In a civil action to establish paternity of an alleged illegitimate child pursuant to G.S. § 49-14 *et seq.*, does the failure to properly join that child justify dismissal of the action? We conclude, for two reasons, that the order of the trial court dismissing this action must be reversed.

[1] Initially, we observe that dismissal of this action due to the non-appointment of a guardian ad litem for Miranda Smith is clearly error. Even where there is a fatal defect of the parties, as defendant Bumgarner apparently convinced the trial court here, dismissal of the action is not warranted. Rather, "the court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the court." *Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978). (Citations omitted.) Infants are particularly entitled to the protection of the courts; in order to protect Miranda's interests, the trial court should have, *ex mero motu*, appointed a new guardian ad litem for her.

**[2]** We do not believe, however, that Miranda is a necessary party to this action. Chapter 49, Article 3 of the North Carolina General Statutes, entitled "Civil Actions Regarding Illegitimate Children," sets forth the statutory provisions applicable to this case. G.S. § 49-14(a) provides:

> The paternity of a child born out of wedlock may be established by civil action at any time prior to such child's eighteenth birthday. A certified copy of a certificate of birth of the child shall be attached to the complaint. Such establishment of paternity shall not have the effect of legitimation. (Emphasis added.)

G.S. § 49-16 provides:

Proceedings under this Article may be brought by:

(1) The mother, the father, the child, or the personal representative of the mother or the child.

A child born to a married woman but begotten by one other than her husband is a child "born out of wedlock." *In re Legitimation of Locklear,* 314 N.C. 412, 334 S.E.2d 46 (1985) (interpreting G.S. § 49-10); *Wright v. Gann,* 27 N.C. App. 45, 217 S.E.2d 761, *cert. denied,* 288 N.C. 513, 219 S.E.2d 348 (1975) (interpreting G.S. § 49-14). The legislative purpose of an action under G.S. § 49-14 is to provide the basis or means of establishing the identity of the biological father so that the child's right to support may be enforced and the child will not become a public charge. *Becton v. George,* 90 N.C. App. 607, 369 S.E.2d 366 (1988). In actions for custody and support of a minor child in North Carolina, the minor child is not a necessary party. Moreover, G.S. § 49-16 allows **either** the mother, the father, or the child (or the representative of either the mother or child) to bring the action. A statute's words should be given their natural and ordinary meaning, *Hyler v. GTE Products Co.,* 333 N.C. 258, 425 S.E.2d 698 (1993), and need not be interpreted when they speak for themselves. *Abeyounis v. Town of Wrightsville Beach,* 102 N.C. App. 341, 401 S.E.2d 847 (1991). A court must presume that the legislature, in enacting law, acted with full knowledge of prior and existing law. *Whittington v. N.C. Dept. of Human Resources,* 100 N.C. App. 603, 398 S.E.2d 40 (1990). Where a statute contains two clauses which prescribe its applicability and clauses are connected by the disjunctive "or," application of the statute is not limited to cases falling within both clauses but applies to cases falling within either. *Davis v. Granite Corporation,* 259 N.C. 672, 131 S.E.2d 335 (1963).

Those persons who may bring a proceeding pursuant to G.S. § 49-14, et seq., are specifically enumerated in G.S. § 49-16, separated by commas and the disjunctive "or." The provision is not ambiguous and its natural and ordinary meaning indicates that either of the listed persons may bring an action pursuant to G.S. § 49-14. Conversely, a child is expressly required as a necessary party to a legitimation proceeding pursuant to G.S. § 49-10. *In re Legitimation of Locklear, supra.* If the legislature had intended to require the child to be joined as a necessary party in an action under G.S. § 49-14, then it would have specifically stated such, as it did in G.S. § 49-10. G.S. § 49-14 expressly states that an establishment of paternity under that section does **not** have the effect of legitimation. Accordingly, we conclude that the minor Miranda Blaine Smith was not a "necessary party" to this action, and that dismissal of plaintiff's complaint pursuant to G.S. § 1A-1, Rule 12(b)(7) was error.

Reversed and Remanded.

Judges EAGLES and McCRODDEN concur.