STATE OF NORTH CAROLINA v. RANDALL EUGENE JENKINS

No. 9314SC68

(Filed 19 July 1994)

### 1. Rape and Allied Sexual Offenses § 82 (NCI4th)— sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for first-degree rape and second-degree kidnapping.

**Am Jur 2d, Rape §§ 88 et seq.**

### 2. Criminal Law § 375 (NCI4th)— judge's turning back on defendant—improper expression of opinion

The trial court improperly expressed an opinion in the presence of the jury in a rape and kidnapping trial when he turned his back to the jury for forty-five minutes during defendant's testimony on direct examination, and because defendant asserted consent as a defense, and his testimony and credibility were crucial to that defense, the trial court's action was sufficiently prejudicial to require a new trial.

**Am Jur 2d, Trial §§ 91 et seq.**

**Gestures or facial expressions of trial judge in criminal case, indicating approval or disapproval, belief or disbelief, as ground for relief. 49 ALR3d 1186.**

### 3. Criminal Law § 362 (NCI4th)— rape case—judge's clearing of courtroom—failure to make required findings

In a prosecution for first-degree rape and second-degree kidnapping of a college student, the trial court erred in granting the State's motion to clear the courtroom during the student's testimony without making the required findings that the party seeking closure had advanced an overriding interest that was likely to be prejudiced, the degree of closure required to protect that interest, and whether alternatives to closing the procedure existed.

**Am Jur 2d, Trial §§ 87 et seq.**

### 4. Evidence and Witnesses § 124 (NCI4th)— evidence of prior sexual acts between complainant and defendant— admissibility

In a prosecution for first-degree rape and second-degree kidnapping, the trial court did not err in admitting evidence of prior

STATE v. JENKINS

[115 N.C. App. 520 (1994)]

sexual acts between the complainant and defendant which was pertinent to the defense that complainant consented to the sexual act in question, nor did the court err in excluding evidence of sexual acts which was irrelevant and cumulative.

Am Jur 2d, Evidence §§ 496 et seq.

**Modern status of admissibility, in forcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.**

5. **Evidence and Witnesses § 386 (NCI4th)— evidence of other offenses—admissibility**

The trial court in a first-degree rape and second-degree kidnapping case did not err in admitting evidence that one month prior to the alleged rape, defendant failed to return the victim's car, stole some money, broke into her home, and was arrested, since the evidence was admissible to show the chain of events and the termination of the relationship.

Am Jur 2d, Evidence §§ 404 et seq.

**Admissibility, under Rule 404(b) of Federal Rules of Evidence, of evidence of other crimes, wrongs, or acts not similar to offense charged. 41 ALR Fed 497.**

Appeal by defendant from judgments entered 24 July 1992 by Judge Orlando F. Hudson in Durham County Superior Court. Heard in the Court of Appeals 7 October 1993.

*Attorney General Michael F. Easley, by Assistant Attorney General Teresa L. White, for the State.*

*Public Defender Robert Brown, Jr., by Assistant Public Defender Brian Michael Aus; and Daniel Shatz, for defendant appellant.*

COZORT, Judge.

On 24 July 1992, defendant was convicted of one count of first degree rape and one count of second degree kidnapping. Judge Orlando F. Hudson sentenced defendant to life in prison for the first degree rape and thirty years in prison for the second degree kidnapping to run at the expiration of the first sentence. Defendant appeals. We find the trial court committed two errors of sufficient prejudice to require a new trial for defendant.

The State presented the following evidence: A female student at North Carolina Central University, began dating defendant, a temporary employee for Western Temporary Services, in November or December of 1990. The student and defendant lived together periodically from March 1991 to September 1991. In September 1991, defendant took the student's car, her pocketbook, and $200.00. The student refused to allow defendant to return to live in her apartment. During the month of October, defendant called the student and attempted to reconcile with her. On 7 October 1991, the student had defendant arrested when he attempted to enter her apartment and damaged her front door.

On 1 November 1991, defendant stopped by the student's apartment to borrow $50.00. Defendant entered the apartment carrying a laundry basket. Defendant became angry, grabbed the student by the neck, and told her they were "all going to die." Defendant then grabbed neckties from the laundry basket and dragged the student into the bedroom. He threw her on the bed and began choking her. The student fought defendant as he ripped her robe and pulled off her underwear. Defendant straddled the student and tied a necktie to her foot. At that time, Michael Kennealy, a delivery man for a florist, knocked on the door and heard someone crying repeatedly "Oh, God, help me." Defendant answered the door and told Mr. Kennealy that everything was all right. Mr. Kennealy went to the apartment complex office, and the office manager called the police.

When defendant answered the door for the delivery man, the student ran into the bathroom. Defendant brought the flowers and a butcher knife into the bathroom. He grabbed the student's hair and pulled her back into the bedroom, where he raped her while holding the knife to her throat. Defendant got up, and the student grabbed her clothes. Defendant took a necktie and tied her legs to the bed. The student grabbed the knife that defendant had laid on the bed and attempted to cut the necktie off her left foot. Defendant grabbed the knife, tied her hands to the bed, and tied a necktie around her head so she could not scream.

Durham police officers arrived on the scene, knocked on the door, and forcibly entered the apartment. Defendant ran towards the officers yelling "shoot me, shoot me." Defendant struggled and the officers subdued him.

Medical testimony was offered that the student had a bruise on her right temple and an abrasion on her left hand. After notification

of his *Miranda* rights, defendant gave a statement that he dated the student, he had gone to her apartment to get a check, and he did not remember anything else.

Defendant presented testimony that when he entered the apartment the student hugged and kissed him and led him to the bedroom where she had two neckties attached to the head of the bed. They engaged in consensual intercourse. When defendant went to the door and saw flowers being delivered, he became angry, and the student began to cry. When defendant attempted to discard the flowers, the student grabbed the butcher knife and cut him. The student ran into the bathroom where she vomited. The student attacked defendant. Defendant placed her in a bear hug and threw her on the bed. The student kicked defendant as he attempted to dress, and he slapped her. Defendant took the knife away from the student and apologized for hitting her. The couple then reconciled and the student requested that defendant tie her up before engaging in sexual intercourse. At that point defendant heard a knock, saw the police, and attempted to put on his clothes. When police entered the room, he said "Oh, you're going to shoot me. Shoot me, kill me, come on." Defendant further testified that he and the student had engaged in bondage twice before. He gave the initial statement to police because he wanted to cooperate, but he changed his mind when he realized he was going to be arrested and prosecuted.

**[1]** Defendant argues twelve assignments of error on appeal. We find two have merit and entitle defendant to a new trial. Before addressing those two issues, we first consider defendant's argument that the evidence was insufficient to uphold a guilty verdict. We disagree.

> It is well settled that upon a motion to dismiss in a criminal action, all the evidence admitted, whether competent or incompetent, must be considered by the trial judge in the light most favorable to the State, giving the State the benefit of every reasonable inference that might be drawn therefrom. Any contradictions or discrepancies in the evidence are for resolution by the jury. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977). The trial judge must decide whether there is substantial evidence of each element of the offense charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Smith*, 300 N.C. 71, 78, 265 S.E. 2d 164, 169 (1980).

*State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).

Applying the *Brown* standards to the State's evidence below, we find sufficient evidence of each element of each offense. The trial court did not err in denying defendant's motion to dismiss.

**[2]** We now turn to defendant's meritorious arguments. First, defendant argues that the trial court improperly expressed an opinion in the presence of the jury when he turned his back to the jury for forty-five minutes during defendant's testimony on direct examination. We agree. In the case below, the following exchange occurred between defense counsel and the trial court:

> MR. AUS: Your Honor, I would also like to have it put on the record that during about forty-five minutes of Mr. Jenkins' testimony that you were staring at the wall and you had your back turned to the jury.

> THE COURT: Yes, I sure did. Do you want to move for a mistrial based on that?

> MR. AUS: No, Judge.

> THE COURT: And I may do it again during the cross examination. I mean, I can look anywhere I want to look but if you want to tell me something different, we can discuss that now. Where would you like for me to look? Mr. Aus, where would you like me to look during anybody's examination.

> MR. AUS: Judge, I would like for you, Judge, you have looked at the jury, or at least was looking in the direction of the jury the entire time.

> THE COURT: I haven't done anything the entire time.

> MR. AUS: Well, Judge, you didn't have your back—Let me put it this way, your back was to the wall.

> THE COURT: You may note that it was forty-five minutes, I believe it was. So how many minutes did I look at other witnesses when they were testifying? Did you keep a record of that?

N.C. Gen. Stat. § 15A-1222 (1988) provides: "The judge may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." Trial judges "must be careful in what they say and do because a jury looks to the court for guidance and picks up the slightest intimation of an opinion. It does not matter whether the opinion of the trial judge is conveyed

to the jury directly or indirectly as every defendant in a criminal case is entitled to a trial before an impartial judge and an unbiased jury." *State v. Sidbury*, 64 N.C. App. 177, 178-79, 306 S.E.2d 844, 845 (1983). "Whether the judge's comments, questions or actions constitute reversible error is a question to be considered in light of the factors and circumstances disclosed by the record, the burden of showing prejudice being upon the defendant." *State v. Blackstock*, 314 N.C. 232, 236, 333 S.E.2d 245, 248 (1985). "[I]n a criminal case it is only when the jury may reasonably infer from the evidence before it that the trial judge's action intimated an opinion as to a factual issue, the defendant's guilt, the weight of the evidence or a witness's credibility that prejudicial error results." *Id.*

Considering the trial court's action in light of the factors and circumstances disclosed in the record, we find that the jury could reasonably infer from the trial court's action in turning his back to defendant and the jury during defendant's testimony that the trial judge did not believe defendant's testimony to be credible. Although the trial court may not have intended to convey such a message, we must find error where the trial court's actions may speak directly to the guilt or innocence of the defendant. *See State v. Guffey*, 39 N.C. App. 359, 250 S.E.2d 96, 97 (1979). Here, defendant asserted consent as a defense. Defendant's testimony and his credibility were crucial to that defense. Therefore, we believe the trial court's action was sufficiently prejudicial to require a new trial.

**[3]** We also find merit to defendant's argument that the trial court erred in granting the State's motion to clear the courtroom during the student's testimony. The trial court permitted counsel, defendant, court personnel, and members of the press to remain in the courtroom during the testimony. N.C. Gen. Stat. § 15-166 (1983) provides that the trial court may exclude from the courtroom all persons except officers of the court, the defendant, and those engaged in the trial during the testimony of the prosecutrix. In clearing the courtroom, the trial court must determine if the party seeking closure has advanced an overriding interest that is likely to be prejudiced, order closure no broader than necessary to protect that interest, consider reasonable alternatives to closing the procedure, and make findings adequate to support the closure. *Waller v. Georgia*, 467 U.S. 39, 48, 81 L.Ed.2d 31, 39 (1984). In the case below, the trial court made no findings of fact to support the closure during the student's testimony. *See State v. Burney*, 302 N.C. 529, 276 S.E.2d 693 (1981). Accordingly, we

find the trial court erred. On re-trial, the trial court must follow the above mandates if the State moves to close the trial during the student's testimony.

We now turn our attention to three matters which may arise upon retrial.

**[4]** First, defendant argues that the trial court erred in excluding evidence of all the prior sexual acts between defendant and the student. We disagree. N.C. Gen. Stat. § 8C-1, Rule 412(b) (1992) provides in part:

(b) Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

(1) Was between the complainant and the defendant; or

\* \* \* \*

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or

\* \* \* \*

Before any questions pertaining to such evidence are asked of any witness, the proponent of such evidence shall first apply to the court for a determination of the relevance of the sexual behavior to which it relates. . . . In the hearing, the proponent of the evidence shall establish the basis of admissibility of such evidence.

Although evidence of prior sexual activity may be admissible pursuant to the exception set forth in Rule 412(b)(1), the defendant must show the basis of admissibility, and the trial court must determine the relevance of the proffered evidence. *State v. Black*, 111 N.C. App. 284, 289, 432 S.E.2d 710, 714 (1993). In the case below, the trial court ruled that defendant could present evidence of previous acts of bondage between the complainant and defendant, sexual acts on a leather couch, complainant experiencing pain during previous acts of intercourse, a sexual act on a piano stool, and watching pornographic

movies. The trial court ruled that defendant could not present evidence of masturbation, sexual aids, a sexual encounter in a hotel room while another couple slept, and certain sexual acts prior to complainant and defendant watching the pornographic movie. The trial court excluded the evidence as irrelevant or highly prejudicial. We agree with the trial court that every sexual act between the complainant and defendant was not relevant. The trial court permitted evidence of sexual acts pertinent to the defense that the complainant consented to the sexual act on 1 November 1991. We find that defendant failed to prove the basis of admissibility for the excluded evidence which was irrelevant and cumulative. We find no error.

[5] Defendant next argues that the trial court erred in admitting evidence that one month prior to the alleged rape, defendant failed to return the student's car, stole some money, broke into her home, and was arrested. Defendant contends that the evidence was inadmissible pursuant to N.C. Gen. Stat. § 8C-1, Rule 404(b) (1992), which prohibits use of prior bad acts to show a defendant's bad character and that he acted in conformity therewith. We disagree. The State argues that the evidence was admissible to show the chain of events and the termination of the relationship. We find the evidence admissible as "a part of the history of the event [which] serve[d] to enhance the natural development of the facts.'" *State v. Agee*, 326 N.C. 542, 547, 391 S.E.2d 171, 174 (1990) (quoting *Commonwealth v. Evans*, 343 Pa. Super. 118, 132, 494 A.2d 383, 390 (1985)). We find no error.

Next, defendant contends that the trial court erred in failing to instruct the jury on the lesser included offense of false imprisonment because defendant's testimony raised the possibility that defendant tied the student to the bed in order to avoid being struck by her. We find no merit to defendant's argument. Defendant testified that he bound the student to the bed at her request after they had reconciled and she had relinquished the knife. Defendant's argument is overruled.

We have reviewed defendant's remaining assignments of error and find them either unlikely to recur on retrial or to be unpersuasive.

New trial.

Judges JOHNSON and McCRODDEN concur.