STATE OF NORTH CAROLINA v. JAMES DANIEL GINYARD

No. COA95-502

(Filed 19 March 1996)

1. **Evidence and Witnesses § 124 (NCI4th)— complainant's sexual encounter with other men—no evidence of consent to sex with defendant—evidence properly excluded**

   The trial court in a first-degree rape case did not err in refusing to allow two men charged with the same crime as defendant

based on the same set of facts to testify regarding their sexual encounter with the complainant, since testimony that complainant consented to sexual relations with the two men is not evidence of sexual behavior between "complainant and the defendant" within the meaning of N.C.G.S. § 8C-1, Rule 412(b)(1).

**Am Jur 2d, Rape §§ 82, 83.**

**Modern status of admissibility, in forcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.**

**Constitutionality of "rape shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.**

**Admissibility in prosecution for sex offense of evidence of victim's sexual activity after the offense. 81 ALR4th 1076.**

2. **Evidence and Witnesses § 123 (NCI4th)— no pattern of sexual behavior shown—evidence properly excluded**
   Testimony by two witnesses in a rape trial that they exchanged crack cocaine for sex with the prosecutrix during the same incident but prior to the time that defendant allegedly exchanged crack cocaine for sex with the prosecutrix did not reveal a pattern of sexual behavior by the prosecutrix so as to be admissible on the issue of consent under N.C.G.S. § 8C-1, Rule 412(b)(3), since evidence of only one incident of the prosecutrix exchanging sex for crack cocaine prior to her alleged exchange with defendant was insufficient to show that the prosecutrix engaged in a pattern of exchanging sex for cocaine.

**Am Jur 2d, Rape §§ 82, 83.**

**Modern status of admissibility, in forcible rape prosecution, of complainant's prior sexual acts. 94 ALR3d 257.**

**Constitutionality of "rape shield" statute restricting use of evidence of victim's sexual experiences. 1 ALR4th 283.**

**Admissibility in prosecution for sex offense of evidence of victim's sexual activity after the offense. 81 ALR4th 1076.**

STATE v. GINYARD

[122 N.C. App. 25 (1996)]

**3. Evidence and Witnesses § 3229 (NCI4th)— alleged attempt to have charges dropped—evidence excluded—evidence not preserved for review—no evidence of inconsistent statement**

There was no merit to defendant's contention that he should have been allowed to question the complainant regarding her alleged attempt to have the charges against him dismissed because that attempt was a prior inconsistent statement reflecting on her credibility, since complainant did not answer defendant's question so that the excluded evidence was in the record, and since complainant's mere wish to have the charges against defendant dropped was not in itself inconsistent with her testimony that defendant raped her.

**Am Jur 2d, Appellate Review § 614; Evidence § 706; Witnesses §§ 929-951.**

**4. Evidence and Witnesses § 132 (NCI4th)— earlier allegation of rape withdrawn—exclusion of evidence—error**

The trial court in a first-degree rape case erred by not allowing defendant to question the complainant in the presence of the jury regarding the allegation of rape made by complainant five months earlier and subsequently withdrawn, since the trial court erroneously ruled that the evidence was irrelevant under N.C.G.S. § 8C-1, Rule 412, and there was a reasonable probability that the outcome of the trial would have been different.

**Am Jur 2d, Rape § 87.**

**Impeachment or cross-examaination of prosecuting witness in sexual offense trial by showing that prosecuting witness threatened to make similar charges against other persons. 71 ALR4th 448.**

**Impeachment or cross-examination of prosecuting witness in sexual offense trial by showing that similar charges were made against other persons. 71 ALR4th 469.**

Judge WYNN concurring.

Appeal by defendant from judgments entered 25 July 1994 in Onslow County Superior Court by Judge James R. Strickland. Heard in the Court of Appeals 24 January 1996.

**STATE v. GINYARD**

[122 N.C. App. 25 (1996)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General James C. Gulick, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defenders Daniel R. Pollitt and Charles L. Alston, Jr., for defendant-appellant.*

GREENE, Judge.

James Daniel Ginyard (defendant) appeals from Judgments and Commitments, entered by the trial court on 25 July 1994, sentencing him to life in prison, for first degree rape in violation of N.C. Gen. Stat. § 14-27.2, and three years in prison, for a crime against nature in violation of N.C. Gen. Stat. § 14-177, to run concurrently.

Prior to trial, the trial court held an in-camera review to decide on the State's motion in limine to exclude evidence of the complainant's prior sexual history and her prior allegation of sexual assault. Detective James R. Shingleton (Shingleton) testified that in August of 1993, the complainant alleged that she was dragged into the woods and raped by two white guys and later changed her story, stating that the rape was actually by two black guys, with whom she was smoking crack. After the complainant's inconsistent statements and Shingleton's statement to the complainant that he did not believe her story, the complainant admitted to Shingleton that the rape never occurred. Later Shingleton stated that he "assumed" the rape never occurred and the complainant testified that she never told Shingleton that the rape did not occur.

Oscar Mitchell (Mitchell) and Melvin Wardrick (Wardrick), who were indicted for rape on the same facts which formed the basis of defendant's indictment, both testified that on 13 December 1993, at about 6:30 p.m. the complainant offered to have sex with them in exchange for crack cocaine. Both men agreed, but neither one actually completed the act. Both testified that others were present with them at this time and that their encounter with the complainant occurred inside a trailer and that the complainant smoked crack throughout the entire encounter. Both testified that defendant was not present, however.

At the close of this evidence, the trial court determined that the above evidence was inadmissible, because defendant did not prove that the complainant's prior allegation of rape was false, thus any evidence of that allegation is inadmissible under Rule 412, and in any

**STATE v. GINYARD**

[122 N.C. App. 25 (1996)]

event "the probative value of any testimony as to false accusations by the complainant is greatly outweighed by the danger of unfair prejudice and confusion of the issues." The trial court also concluded that the testimony of Mitchell and Wardrick was not evidence of "a pattern of sexual behavior so distinctive and so closely resembling the defendant's version" as to make it relevant.

At trial, the complainant testified that defendant and several other men, whom the complainant did not know, raped her on 14 December 1993, in the early morning hours. During December 1993 the complainant was using illegal drugs and the complainant testified that on 13 December 1993, she had used cocaine early in the day. After a fight with her husband, the complainant left home, between 12:00 and 1:00 a.m., to go for a walk. The complainant left home with the intention of getting drugs, but later changed her mind. Before she could return home, "three guys jumped" her and "dragged" her into a trailer near Market Street. Inside the trailer, the men attacked and raped her vaginally, orally and anally. "At one point, . . . something was lit and [the complainant] turned around and . . . saw what [the guys] looked like." In particular, the complainant described a man with a gray eyelash and gray eyebrow. After the attack, the complainant testified that she was left alone in the trailer, and she got dressed and went home. The complainant further testified that she had not been in the Market Street vicinity earlier on the day of 13 December 1993. The complainant did not immediately tell her husband about the rape. She later contacted the police and told Officer Shelly Partain (Partain) about the rape, giving a description of a man with a gray eyelash and gray eyebrow. On his re-cross examination of the complainant, defendant asked "[o]n Monday of this week did you make a statement to the police in which you said I, [the complainant], decided to drop all charges in my case." The trial court sustained the State's objection to this question and allowed the State's motion to strike the question from the record. There was no other evidence presented regarding any attempt of the complainant to drop the charges against defendant.

Detective Adelmund (Adelmund), who investigated the crime scene, found six, recently used condoms, along with lighters and condom packages inside the trailer in which the complainant alleged that she was raped. Adelmund also found a beer can, which he opined was used to smoke crack cocaine, which contained poor quality fingerprints that Adelmund was never able to match. The trailer is known

**STATE v. GINYARD**

[122 N.C. App. 25 (1996)]

to police as a type of crack house, and it is not unusual to find evidence of crack use or condoms inside the trailer. Adelmund finally testified that the evidence he found inside the trailer "could . . . be consistent with tricking for crack," where a female exchanges sex for crack cocaine.

Defendant presented evidence that the complainant knew the defendant and the others accused of raping her, including testimony that the complainant purchased a cellular phone for one of the other men charged with the 13 December rape. This was corroborated by a store clerk who testified that although she could not actually remember the sale, her records revealed the sale of a cellular phone to the complainant on 12 December 1993. Several witnesses testified that the complainant had been in the Market Street vicinity earlier in the day on 13 December 1993 and that complainant had been seen talking to defendant, whom the complainant had earlier stated that she did not know.

Paul Guillory (Guillory) testified that he gave defendant money for beer on 13 December and defendant never returned with the beer. Defendant testified that he met the complainant and talked to her on 13 December 1993, when she told him that she would have sex with him if he would supply her with crack cocaine. Defendant testified that he used the money that Guillory gave him to buy crack cocaine for the complainant. Defendant further testified that he and the complainant went inside the trailer and the complainant smoked crack in a beer can, after which the two had sex. Defendant stated that he and the complainant were alone and that he left her in the trailer after their encounter. It is not disputed that defendant has a white eyebrow and eyelash, nor that the complainant has identified him as one of her attackers. Defendant testified that although he earlier stated that he was with the complainant at 9:00 p.m. on 13 December, he was actually with her, earlier, at 7:30 that night.

---

The issues are whether the trial court erred in its (I) exclusion of testimony regarding the complainant's actions in trading sex for crack cocaine; (II) exclusion of evidence that the complainant allegedly requested the police to drop the charges against the defendant; and (III) exclusion of evidence that the complainant had made a prior accusation of rape that the investigating officer believed was false and that was subsequently withdrawn by the complainant.

I

Evidence of a complainant's prior sexual behavior which:

    (1) Was between the complainant and the defendant; or

    . . . .

    (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged *or* behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; . . .

is admissible in a rape prosecution. N.C.G.S. § 8C-1, Rule 412 (1992) (emphasis added). Rule 412 was promulgated "to protect the witness from unnecessary humiliation and embarrassment while shielding the jury from unwanted prejudice that might result from evidence of sexual conduct which has little relevance to the case and has a low probative value." *State v. Younger*, 306 N.C. 692, 696, 295 S.E.2d 453, 456 (1982). The Rule 412 exceptions are definitions of "those times when the prior sexual behavior of a complainant *is* relevant to issues raised in a rape trial, and are not a revolutionary move to exclude evidence generally considered relevant in trials of other crimes." *State v. Fortney*, 301 N.C. 31, 42, 269 S.E.2d 110, 116 (1980) (emphasis in original).

Rule 412(b)(1)

[1] Defendant first argues that because Mitchell and Wardrick were charged with the same crime, based on the same set of facts, as defendant, even though their cases were not joined for trial, Mitchell and Wardrick should have been allowed to testify regarding their sexual encounter with the complainant because the sexual encounter was between the "complainant and [a] defendant," within the meaning of N.C. Gen. Stat. § 8C-1, Rule 412(b)(1). According, however, to the plain language of that rule, *see State v. Wiggins*, 272 N.C. 147, 153, 158 S.E.2d 37, 42 (1967) (words in unambiguous statutes are to be given their plain and ordinary meaning), *cert. denied*, 390 U.S. 1028, 20 L. Ed. 2d 285 (1968), the prior sexual conduct which is deemed relevant is that between the complainant and the defendant, who is on trial. This is so, because although prior consent from a complainant to the defendant on trial is relevant to the complainant's subsequent

consent to that defendant, testimony that the complainant consented to sexual relations with two men not on trial during a separate encounter than that with defendant is not evidence that she consented to sexual relations with defendant. *See State v. Jenkins*, 115 N.C. App. 520, 526, 445 S.E.2d 622, 626, *disc. rev. denied*, 337 N.C. 804, 449 S.E.2d 752 (1994); *see also State v. Rhinehart*, 68 N.C. App. 615, 618, 316 S.E.2d 118, 121 (1984) (discussing irrelevancy of such evidence in context of Rule 412(b)(3)).

Defendant argues that to interpret Rule 412(b)(1) to apply only to the defendant on trial gives defendants whose trial has been joined an advantage, because evidence of one co-defendant's sexual encounter with a complainant would be admissible in the trial. Our interpretation of Rule 412(b)(1), however, is true even if multiple defendants are being tried for rape, as the trial court must "restrict the evidence [to consideration of only that defendant's case] and instruct the jury accordingly." *See* N.C.G.S. § 8C-1, Rule 105 (1992).

### Rule 412(b)(3)

**[2]**   Defendant also argues that the testimony by Mitchell and Wardrick was admissible because the testimony reveals a pattern of sexual behavior which tends to prove that the complainant consented. We disagree. Evidence of a distinctive pattern of sexual behavior is relevant to the issue of consent. *See Fortney*, 301 N.C. at 41, 269 S.E.2d at 116. The pattern may either establish that (1) the complainant consented to have sex with this defendant, because of the manner in which their sexual encounter took place or (2) because of the complainant's pattern, this defendant reasonably believed the complainant consented to have sex with him. *See* N.C.G.S. § 8C-1, Rule 412(b)(3); *see also State v. Bumgarner*, 115 N.C. App. 149, 151, 443 S.E.2d 744, 745 (1994) (statute using disjunctive word "or" applies to cases falling within either clause). In order for a defendant to have a reasonable belief that a complainant consented to sex, based upon a pattern of sexual behavior, the defendant must have knowledge of the pattern. *See Rhinehart*, 68 N.C. App. at 617, 316 S.E.2d at 120. The statute also allows a jury, however, to infer that a complainant consented to have sex with the defendant if the complainant's sexual encounter with defendant is similar to the complainant's pattern, even if the defendant did not know of the pattern at the time of the alleged rape.

A "pattern" is "[a] representative sample" or "[a] consistent characteristic form, style, or method." *The American Heritage College*

*Dictionary* 1003 (3d ed. 1993). This Court has cited, with approval, several Florida cases which require more than one incident or a "few isolated instances" of consensual sexual activities to establish a pattern of sexual conduct from which a defendant may infer consent. *Rhinehart*, 68 N.C. App. at 617-18, 316 S.E.2d at 120-21; *see also State v. Shoffner*, 62 N.C. App. 245, 248-49, 302 S.E.2d 830, 832-33 (1983) (a complainant who "many times" accosted men had a pattern of being the aggressor in sexual relations); *State v. Wilhite*, 58 N.C. App. 654, 660, 294 S.E.2d 396, 400 (1982) (evidence that a complainant left a bar with "perfect strangers" in the past did not closely resemble defendants' story that she left the bar with them, whom complainant knew, in light of uncontroverted evidence that one defendant threatened her with a gun), *rev'd in part on other grounds*, 308 N.C. 798, 303 S.E.2d 788 (1983).

In the present case, Wardrick and Mitchell testified that they exchanged sex for crack cocaine with the complainant, at the same time, but prior to the time that defendant and the complainant exchanged sex for crack cocaine. Thus, there is only evidence of one incident of the complainant exchanging sex for crack cocaine, prior to her alleged exchange with defendant. Although this is evidence of distinctive sexual behavior, i.e. exchanging sex for crack, there is not sufficient evidence that the complainant engaged in a pattern of exchanging sex for crack. Thus, the trial court correctly excluded the testimony pursuant to Rule 412.

II

[3] Defendant argues that he should have been allowed to question the complainant regarding her alleged attempt to have the charges against him dismissed, because that alleged attempt was a prior inconsistent statement which "pertained to [her] overall credibility."

In order to preserve an argument on appeal which relates to the exclusion of evidence, including evidence solicited on cross-examination, the defendant must make an offer of proof so that the substance and significance of the excluded evidence is in the record. N.C.G.S. § 8C-1, Rule 103 (1992); *see State v. Barton*, 335 N.C. 741, 749, 441 S.E.2d 306, 310-11 (1994); *State v. Locklear*, 322 N.C. 349, 361, 368 S.E.2d 377, 384 (1988). "In the absence of an adequate offer of proof, '[w]e can only speculate as to what the witness' answer would have been.' " *Barton*, 335 N.C. at 749, 441 S.E.2d at 310-11 (quoting *State v. King*, 326 N.C. 662, 674, 392 S.E.2d 609, 617 (1990)). In this

case, the complainant did not answer defendant's question and her answer is not obvious or apparent from the record.

Even assuming that the complainant's answer would have been "yes," the defendant has not established that her wish to drop the charges against defendant was a prior inconsistent statement. The complainant's mere wish to have the charges against defendant dropped is not in itself inconsistent with her testimony that the defendant raped her, because there are many reasons why a person may seek to drop charges previously filed. *Cf. State v. Wrenn*, 316 N.C. 141, 144-45, 340 S.E.2d 443, 446 (1986). The question of whether a prior statement is an inconsistent statement is a matter to be determined by the trial court after hearing evidence either party may offer, outside the presence of the jury. *See State v. Hunt*, 324 N.C. 343, 345, 348, 378 S.E.2d 754, 755, 757 (1989) (trial court conducted voir dire to determine if prior statements were inconsistent). In this case, the defendant offered no evidence in support of his claim and cannot now complain.

### III

**[4]**   Defendant argues that the trial court erred by not allowing defendant to question the complainant in the presence of the jury regarding the allegation of rape made five months earlier and subsequently withdrawn. We agree.

The trial court first excluded this evidence pursuant to Rule 412, which states that the past sexual behavior of rape complainants is irrelevant, unless it is deemed relevant under the specific provisions of the statute. N.C.G.S. § 8C-1, Rule 412. The complainant's statements concerning an alleged rape and the fact that she eventually dropped the allegations of rape were not evidence of her past sexual behavior and the evidence regarding that incident was not governed by Rule 412. *See State v. Younger*, 306 N.C. 692, 695-97, 295 S.E.2d 453, 456-57 (1982). The trial court, in the alternative to its Rule 412 ruling, excluded the evidence because "the probative value of any testimony as to false accusations by the complainant is greatly outweighed by the danger of unfair prejudice and confusion of the issues." The exclusion of evidence pursuant to Rule 403 is only reversible upon a determination that the trial court abused its discretion. *See State v. Cotton*, 318 N.C. 663, 668, 351 S.E.2d 277, 280 (1987). Where, however, a trial court has erroneously failed to exercise its discretion and "rules as a matter of law, the prejudiced party is entitled to have the matter reconsidered." *Id.*

**STATE v. GINYARD**

[122 N.C. App. 25 (1996)]

In this case, the trial court erroneously ruled that the evidence of the complainant's prior allegations of rape was irrelevant under Rule 412. In its alternative ruling pursuant to Rule 403, it is "apparent that the trial court excluded this evidence as a matter of law based on the erroneous view that it was not relevant under [Rule 412] and therefore had no probative value at all under Rule 403." *See id.* Thus the trial court has erroneously failed to exercise its discretion and the defendant is entitled to a new trial because there is a reasonable probability that the outcome of the trial would have been different. *See* N.C.G.S. § 15A-1443(a) (1988).

New trial.

Judge McGEE concurs.

Judge WYNN concurs with separate opinion.

Judge WYNN concurring.

I agree with part III of the majority opinion, and concur in the result of the majority opinion reversing and remanding for a new trial. I disagree, however, with part I of the majority opinion, and I write separately to address this issue since it is likely to recur on retrial.

N.C. Gen. Stat. § 8C-1, Rule 412(b) states:

Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:

> (3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented . . . .

Rule 412(b)(3) allows admission of evidence of a pattern of behavior by the complainant which closely resembles the defendant's version of the encounter, and tends to prove that the acts were consensual. Mr. Ginyard proffered the testimony of Oscar Mitchell and Melvin Wardrick that the complainant offered them sexual favors in exchange for crack cocaine. The majority upheld the trial court's

exclusion of this evidence on the ground that it was not evidence of a pattern of distinctive behavior. I disagree with this conclusion.

I believe that this case is controlled by *State v. Shoffner*, 62 N.C. App. 245, 302 S.E.2d 830 (1983). In *Shoffner*, this Court reversed the trial court's exclusion of evidence that "[t]he prosecuting witness *modus operandi* was to accost men at clubs, parties (public places) and make sexual advances by putting her hands 'all over their bodies.'" *Id.* at 248, 302 S.E.2d at 833.

Similarly, the evidence offered by Mr. Mitchell and Mr. Wardrick, if believed, shows that the complainant's *modus operandi* is to offer men sexual favors in exchange for crack cocaine. This evidence is admissible to show either that the complainant consented to the acts charged, or acted in such a manner that the defendant reasonably believed that the complainant consented.

The majority's reading of Rule 412(b)(3) and our case law interpreting it places a nearly impossible burden on defendants seeking to introduce evidence of a pattern of sexual behavior on the part of the complainant which is distinctive and closely resembles the defendant's version of the encounter. Under the majority's rationale, a defendant would be required to offer an unclear but significant number of prior acts in order to establish a pattern. The witnesses of such acts will often be difficult, if not impossible, to find. Under my understanding of Rule 412(b)(3), the more distinctive the alleged behavior of the complainant, the fewer the number of instances necessary to prove that a pattern exists. The majority relies upon *State v. Rhinehart*, 68 N.C. App. 615, 316 S.E.2d 118 (1984) for the proposition that the defendant must set forth more than a "few isolated instances" of sexual conduct to establish a pattern. Clearly, the complainant's alleged actions in the instant case were more distinctive than those of the complainant in *Rhinehart*. In *Rhinehart*, the evidence indicated that the complainant had consensual sex with a former boyfriend earlier that evening, and danced and talked with the defendant before the assault. This is hardly a distinctive pattern. In contrast, proffered witnesses in the instant case alleged that the complainant traded sex for crack cocaine. This behavior is far more distinctive, and far more suggestive of a pattern than the behavior in *Rhinehart*.