CALABRIA, Judge.
Defendant Allen George Harrell, Jr. ("defendant") was charged with second-degree rape of B.E.[1] Prior to trial, the trial court held an in-camera review in order to determine whether evidence of B.E.'s sexual relationship with Bret Livengood ("Livengood") was admissible in light of North Carolina Rules of Evidence, Rule 412. At the close of the evidence, the trial court determined that any evidence of B.E.'s sexual relationship with Livengood was irrelevant but that evidence of a dating relationship between them was admissible. On the evening of 16 February 2002 B.E. met her friend Lori and Lori's boyfriend at the Sagebrush bar to have a beer. B.E. and her two friends then went to a sports bar called the Green Room, where she and her friends consumed shots of liquor. After her friends left at around midnight, B.E. sat at the bar by herself and then went to talk to Danny Hill ("Hill") at the pool tables. Hill was at the Green Room with four other people, including defendant, whom B.E. did not know. About thirty minutes later, the group, including B.E., decided to leave the Green Room and go to the home of Jeremy Pope ("Pope").
B.E. drove defendant to Pope's house. Upon arriving, B.E. and others in the group smoked marijuana, and B.E. became sick and began to vomit. Defendant volunteered to take B.E. home because B.E. could not drive. B.E. gave the defendant directions to her home. Once they arrived at her home, B.E. took her keys, unlocked her door, and shut her door. She then went to her room, unzipped her boots, and laid down on the bed. The next thing B.E. remembers is defendant lying down on top of her. B.E. asked defendant to get off and tried to push defendant off of her. B.E. felt defendant unbuckle her belt, unzip her zipper, pull down her pants, and have intercourse with her. B.E. then passed out.
B.E. woke to the sound of her apartment door opening. She heard defendant on the phone giving someone directions to her apartment. B.E. realized that she was naked from the waist down. She pretended to be asleep until she heard defendant leave. B.E. then got out of bed, locked the apartment door, changed into cleanclothes and underwear, and went back to bed. She woke at around 11:00 a.m. to the sound of the phone ringing. Her friend Livengood, whom she had been dating for the past seven weeks, was the caller. B.E. told him she had been raped. B.E. then called Lori and her sister and told them she had been raped. B.E.'s sister and mother came over, and the police were called. Once the police arrived, B.E. was transported to Forsyth Hospital for examination. The hospital took rectal swabs, and the DNA found on the swabs matched that of the defendant.
Defendant was indicted by the Forsyth County Grand Jury on 2 October 2002 for second degree rape and on 27 January 2003 for violent habitual felon status. Defendant was tried before a jury on 15 July 2003 and found guilty of second-degree rape. Defendant then pled guilty to attaining violent habitual felon status. The trial court sentenced defendant to life imprisonment without parole. Defendant appeals.
I. Rule 412 of the North Carolina Rules of Evidence
Defendant first assigns error to the trial court's finding that evidence of sexual encounters between B.E. and Livengood was inadmissible. Defendant argues the evidence was relevant and admissible under Rule 412 of the North Carolina Rules of Evidence, which provides:
Notwithstanding any other provision of law, the sexual behavior of the complainant is irrelevant to any issue in the prosecution unless such behavior:
(1) Was between the complainant and the defendant; or
(2) Is evidence of specific instances of sexual behavior offered for the purpose ofshowing that the act or acts charged were not committed by the defendant; or
(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or
(4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.
N.C. Gen. Stat. § 8C-1, Rule 412 (b) (2003). The purpose of the statute is "`to protect the witness from unnecessary humiliation and embarrassment while shielding the jury from unwanted prejudice that might result from evidence of sexual conduct which has little relevance to the case and has a low probative value.'" State v. Ginyard, 122 N.C. App. 25, 31, 468 S.E.2d 525, 529 (1996) (quoting State v. Younger, 306 N.C. 692, 696, 295 S.E.2d 453, 456 (1982)). Defendant argues that evidence of a sexual relationship between B.E. and Livengood should be admissible because the relationship may have motivated B.E. to falsely accuse him of rape. This argument does not fall under an exception to Rule 412, and therefore, the evidence is irrelevant. See, e.g., State v. Alverson, 91 N.C. App. 577, 580, 372 S.E.2d 729, 731 (1988). Moreover, we note the trial court did not preclude defendant from examining B.E. about her dating relationship with Livengood. In fact, defense counsel examined B.E. on this relationship and argued to the jury, in closing, that B.E. made a false accusation of force against defendant in an attempt to hide her consensual encounterwith defendant from Livengood, "her boyfriend." Accordingly, the trial court properly excluded the evidence.
II. Failing to Intervene Ex Mero Motu
Defendant also assigns error to a portion of the prosecutor's closing argument regarding the relationship between B.E. and Livengood. During closing argument, the prosecutor stated:
And then why would she cry rape? Now Mr. Ewing is going to suggest that because her friend - and he keeps calling the guy her boyfriend, which she never said he was. They dated several times and he was a friend. She told him, if he was a boyfriend, why would she tell him?
Defendant did not object to the prosecutor's comments yet argues that the trial court erred by failing to intervene ex mero motu during the prosecution's closing argument. As our Supreme Court has stated:
When defendant does not object to comments made by the prosecutor during closing arguments, only an extreme impropriety on the part of the prosecutor will compel this Court to hold that the trial judge abused his discretion in not recognizing and correcting ex mero motu an argument that defense counsel apparently did not believe was prejudicial when originally spoken.
State v. Richardson, 342 N.C. 772, 786, 467 S.E.2d 685, 693, cert. denied, 519 U.S. 890, 136 L. Ed. 2d 160 (1996) "Defendant must show that the prosecutor's comments so infected the trial with unfairness that they rendered the conviction fundamentally unfair." State v. Davis, 349 N.C. 1, 23, 506 S.E.2d 455, 467 (1998), cert. denied, 526 U.S. 1161, 144 L. Ed. 2d 219, 119 S. Ct. 2053 (1999). Defendant argues that it was unfair for the judge to allow the prosecutor to make the argument that B.E. and Livengood were not romantically involved, when defendant had been barred from discussing B.E. and Livengood's sexual relationship. We do not believe that any implications that may or may not be inferred from the prosecutor's statements rise to such a level as to infect the trial with unfairness. As such, the trial court did not err in failing to intervene ex mero motu.
III. Violent Habitual Felon Status
Defendant finally contends the trial court erred by accepting his guilty plea to violent habitual felon because of errors occurring in the underlying case upon which he was sentenced as a violent habitual felon. Defendant's argument, however, hinges on this Court reversing his conviction for second-degree rape. Because we have determined the two assignments of error have no merit, this assignment of error is overruled.
No error.
Judges TIMMONS-GOODSON and LEVINSON concur.
Report per Rule 30(e).

Because of the nature of the case, we will refer to the victim solely by her initials in order to maintain confidentiality.